NOW Productions, Inc., Respondent, v Ernest Tidyman Productions, Inc., et al., Defendants, and Warner Communications, Inc., Appellant.

First Department, March 13, 1980

## APPEARANCES OF COUNSEL

*Laurence Greenwald* of counsel *(William R. Kutner* with him on the briefs; *Stroock & Stroock & Lavan,* attorneys), for appellant.

*Carl E. Person* for respondent.

## OPINION OF THE COURT

FEIN, J.

Plaintiff NOW Productions, Inc. (NOW) is in the business of developing, packaging and producing motion pictures. Its controlling shareholders are Sheldon Brodsky (Brodsky) and Sheldon Davis (Davis). NOW entered into a contract with Donald Lang (Lang), a deaf mute accused of murder, and his attorney Lowell J. Myers (Myers), to produce a motion picture and a book based upon their lives. NOW obtained a court order approving the contract. NOW then entered into a joint venture agreement with Ernest Tidyman Productions, Inc. (ETP), whose principal was Ernest Tidyman (Tidyman). The agreement provided that Brodsky and Davis would act as producers of the film and Tidyman would write the book and the screenplay. The joint venturers NOW and ETP entered into a joint venture with Twentieth Century-Fox Film Corporation (the Fox Venture) for development of a full length motion picture based upon the lives of Lang and Myers.

The Fox Venture agreement provided in pertinent part that (1) ETP and NOW transferred all of their rights except for certain limited book rights to Fox; (2) Tidyman was to deliver a first draft screenplay by October 15, 1972 "consistent with good craftsmanship"; (3) in the event Fox should abandon the venture, NOW would have the right, for a period of six months after notice of abandonment to purchase the right, title and interest in the literary material for a consideration stipulated in the contract; (4) two years after notice of abandonment, NOW would have no further rights whatsoever in connection with the literary material or any picture based upon it; and (5) Fox could obtain an assignment of rights from NOW.

It stands admitted that after some delay and an extension of

time Tidyman produced a screenplay which Fox deemed not "consistent with good craftsmanship" and Fox abandoned the production. Although NOW could have repurchased the rights to the literary material and to proceed with the screenplay under the terms of the contract, it did not offer to do so. Not only did NOW fail to repurchase these rights, but NOW and ETP in March, 1974 assigned their rights, other than book rights, to Fox.

In March, 1976 Franklin Konigsberg, while under contract with Warner Bros. Television, a subsidiary of Warner Communications Inc. (Warner) obtained a search report on the property from the copyright office of the United States which showed Fox to be its sole owner. On September 16, 1977 Warner entered into an option agreement with Fox to purchase the property. Warner exercised the option in October or November, 1978, obtaining the necessary documents from Fox including a copyright assignment and quitclaim agreement. Warner then produced a T. V. movie entitled "Dummy". The T. V. movie was written by Tidyman. Konigsberg supervised the creation of the teleplay, which used a wholly different approach from that used by Tidyman in his original screenplay rejected by Fox. The T. V. drama "Dummy" was aired by CBS, Inc. (CBS).

NOW instituted this lawsuit against ETP, Tidyman, Warner and CBS, seeking injunctive relief and damages based on alleged inducement to breach fiduciary duties. NOW moved for a preliminary injunction. Warner and CBS cross-moved for (1) dismissal of the complaint pursuant to CPLR 3211 (subd [a], par 1), a defense founded upon documentary evidence; (2) summary judgment pursuant to CPLR 3211 (subd [c]) on the ground that there are no material triable issues of fact; and (3) dismissal of the complaint on the ground of *forum non conveniens* (CPLR 327). Special Term denied the motion and the cross motion. Warner moved for renewal solely on the *forum non conveniens* basis of its prior motion. Renewal was denied.

The action against CBS was dismissed with prejudice by stipulation providing that CBS would be bound by any injunction obtained by plaintiff against Warner. These appeals are by Warner from both the denial of its original motion and its motion for renewal. The issues are (1) whether the chain of title gave Fox the right to sell to Warner unimpaired by any claims or rights of NOW; (2) whether Warner induced a

breach of fiduciary duties by its purchase from Fox; and (3) whether Warner induced a breach of fiduciary duties by hiring Tidyman to write the teleplay. Warner contends that it was a stranger to any disputes among NOW, ETP, Tidyman and Fox, and that all of NOW's rights were transferred to Fox long before Warner became involved. Warner relies for its motion founded upon documentary evidence on (1) the contract provision terminating NOW's rights two years after abandonment by Fox; (2) the undisputed fact that NOW did not repurchase the rights and took no steps with respect thereto during the two years after abandonment by Fox; (3) the assignment by NOW and ETP to Fox in March, 1974, some three years prior to the Warner-Fox option agreement, and four years prior to Warner's exercise of the option; and (4) the search report showing Fox to be the sole owner of the property.

NOW asserts that the preliminary joint venture among NOW, ETP and Tidyman created a partnership relationship entitling NOW to compensation and screen credits related to the T. V. play "Dummy" because of the participation of Tidyman and ETP. NOW contends that the use of Tidyman to write the teleplay, without compensation and screen credits to NOW, involved a breach of fiduciary duties. However, this overlooks two facts. The joint venture of NOW with ETP and Tidyman ceased to exist when Fox abandoned the project and it was not repurchased by NOW or the NOW-ETP joint venture. Since there was no other purpose to the joint venture at that point, it terminated. Accomplishment of its goal, the making of a motion picture became impossible since it failed to repurchase the rights and its agreement provided that in such event the rights would belong to Fox. It is irrelevant that Warner knew of the NOW-ETP joint venture as far back as 1971. By the time Warner entered the option agreement with Fox in 1977, the NOW-ETP joint venture had no further rights to the property or to write or produce a film, screen or T. V. play based on the material. Those rights belonged to Fox by reason of NOW's acts. Thus Warner could not be chargeable with breach of fiduciary duty or inducing breach of fiduciary duty.

Such a breach could only occur while the joint enterprise continued, not after it terminated. The fiduciary duties of joint venturers subsist only "while the enterprise continues" (*Meinhard v Salmon,* 249 NY 458, 463-464). The documentary

evidence consisting of the original agreement terminating plaintiff's rights two years after the abandonment of the project by Fox and the assignment by NOW to Fox established that at least with respect to Warner, whose rights were obtained from Fox, plaintiff has no rights. The documentary evidence was sufficient to warrant judgment in favor of Warner dismissing the complaint pursuant to CPLR 3211 (subd [a], par 1).

Nor is Warner liable to NOW for inducing breach of fiduciary obligations because Warner hired Tidyman to write the teleplay under the supervision of Konigsberg. At the time Tidyman was hired all of plaintiff's rights in the property had terminated. There is no showing of any agreement precluding Tidyman from writing the teleplay for Warner at that time. Whatever rights plaintiff may have against Tidyman are not shown to have been interfered with by Warner.

Accordingly the order, Supreme Court, New York County (GROSSMAN, J.), entered May 23, 1979, which denied Warner Communications Inc.'s motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 1) based on a defense founded on documentary evidence, should be reversed on the law and the facts, and the motion to dismiss the complaint should be granted, together with costs.

The appeal from the order, Supreme Court, New York County (GROSSMAN, J.), entered August 17, 1979, denying renewal of the motion to dismiss based on *forum non conveniens,* should be dismissed as academic, without costs.

BIRNS, J. P., SULLIVAN, LUPIANO and LYNCH, JJ., concur.

Order, Supreme Court, New York County, entered on May 23, 1979, reversed, on the law and on the facts, the motion to dismiss the complaint granted, and the action severed as to appellant. Appellant shall recover of respondent $75 costs and disbursements of this appeal. Appeal from order entered on August 17, 1979 dismissed as academic, without costs and without disbursements.