■ SWEET PEA FRUIT EXCHANGE, INC., Appellant, v HERRILL BOWLING CORP. et al., Respondents.—In an action to establish an easement for the use of a parking lot on property leased by the defendant overtenant Herricks Fore Plan, Inc. to the defendant Herrill Bowling Corp., and seeking damages with respect thereto, the plaintiff Sweet Pea Fruit Exchange, Inc. (hereinafter Sweet Pea) appeals from (1) an order of the Supreme Court, Nassau County (Burstein, J.), entered July 9, 1985, which, *inter alia,* granted the defendant Herrill's motion for summary judgment as to it and denied the plaintiff's cross motion, *inter alia,* for leave to serve a supplemental summons and complaint adding the Town of North Hempstead as a party, and (2) an order of the same court (Wager, J.), entered September 11, 1985, which, *inter alia,* granted defendant Herrick's motion for summary judgment as to it and denied plaintiff's cross motion, *inter alia,* for leave to serve a supplemental summons and complaint adding the Town of North Hempstead as a party.

Orders affirmed, with one bill of costs.

In opposing a motion for summary judgment, the plaintiff must lay bare its proof and prove by evidence in admissible form that there exists a genuine issue of fact requiring a trial *(see, Zuckerman v City of New York,* 49 NY2d 557). Sweet Pea has not even directly addressed the motions for summary judgment, but, instead, cross-moved for partial summary judgment and for new and different relief. Notwithstanding this lack of express opposition, a search of the record to find any issue of fact requiring trial, either with respect to the claim of an easement or against the Town of North Hempstead for an

alleged failure to enforce its parking regulations, reveals that there are none. Thus, as a matter of law, the complaint must be dismissed against both defendants. Lazer, J. P., Bracken, Kooper and Spatt, JJ., concur.