■ Olde Kraft Co., Ltd., et al., Respondents-Appellants, v Robert H. Davidian et al., Appellants-Respondents, et al., Defendants, and O. K. Furniture Liquidators of N. Y. C. et al., Respondents-Appellants.—In an action, *inter alia,* to recover damages for fraud and improper use of confidential information and trade secrets, the defendants Davidian and First Flatbush Corp. appeal from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated February 25, 1986, as denied those branches of their motion which were for summary judgment dismissing the plaintiffs' fourth, fifth and seventh causes of action insofar as they are asserted against them and for summary judgment on the second counterclaim, and the plaintiffs cross-appeal from so much of the same order as granted those branches of the motion of the defendants Davidian and First Flatbush Corp. which were for summary judgment dismissing the first, second, third and sixth causes of action insofar as they are asserted against those defendants, and the plaintiffs and the parties designated additional defendants on the counterclaims cross-appeal from so much of the same order as denied their cross motion for summary judgment dismissing the second counterclaim.

Ordered, that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the motion of the defendants Davidian and First Flatbush Corp. which were for summary judgment dismissing the fourth, fifth and seventh causes of action insofar as they are asserted against them, and for summary judgment on the second counterclaim, and substituting therefor provisions granting those branches of the motion and severing the plaintiffs' action against the remaining defendants. As so modified, the order is affirmed, with costs to Davidian and First Flatbush Corp. and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment on the second counterclaim.

On a motion for summary judgment, the party opposing the motion is required to lay bare its proof, and "prove by evidence in admissible form that there exists a genuine issue of fact requiring a trial" *(Sweet Pea Fruit Exch. v Herrill Bowling Corp.,* 123 AD2d 622; *Zuckerman v City of New York,* 49 NY2d 557). The defendants Davidian and First Flatbush Corp. presented evidence, including portions of the depositions of the plaintiffs' officers, in support of their motion for summary judgment which indicated that the plaintiffs could not identify any confidential information possessed or used by them in purchasing the premises leased by the plaintiffs and negotiat-

ing a new lease with them. In fact, the plaintiffs' own accountant was unable to define either the "specific profitability" of the leasehold, or the "maximum rent" that the plaintiffs could afford to pay for it, although these were the very items of confidential information that the plaintiffs had alleged in their complaint had been wrongly obtained and used. As the plaintiffs failed to come forward with any proof that the defendant Davidian availed himself of any trade secrets or confidential information, the fourth and fifth causes of action should have been dismissed insofar as they are asserted against the defendants Davidian and First Flatbush Corp.

Additionally, we find that Davidian and First Flatbush Corp. were entitled to dismissal of the plaintiffs' seventh cause of action, which sought damages for breach of the covenant of good faith implied in the parties' purchase agreement. Further, summary judgment should have been granted on the second counterclaim, which sought payment under that agreement. The agreement, dated December 31, 1981, is essentially one to buy out the defendant Davidian's shares in certain corporations, and to impose certain restrictions on competition for a period of time. It does not in any way prohibit the defendant Davidian from attempting to purchase any property in which the plaintiffs might have an interest. Any duty that the defendant Davidian may have owed to the plaintiff corporations to refrain from such actions clearly existed only so long as their joint enterprise existed (see, Meinhard v Salmon, 249 NY 458, 464; NOW Prods. v Tidyman Prods., 73 AD2d 168, 171, affd 52 NY2d 907), at least in the absence of any showing of misuse of any confidential information. In this case, the fact that the premises in which the plaintiffs maintained a leasehold were available for purchase was information equally available to both parties (cf., Meinhard v Salmon, supra). The purchase of the property by Davidian and First Flatbush Corp. came nearly 1½ years after the parties ceased to owe any duties to each other, other than those spelled out in their own termination agreement. Davidian and First Flatbush Corp. are, therefore, entitled to summary judgment dismissing that cause of action alleging a breach of that agreement, and to summary judgment on the counterclaim seeking payment pursuant to that agreement, which payment the plaintiffs have withheld on the ground of the defendant Davidian's alleged breach.

Finally, we find that Special Term properly dismissed the plaintiffs' remaining causes of action insofar as asserted against Davidian and First Flatbush Corp. There is no evi-

dence on the record, for example, to indicate that the plaintiffs were, at any time prior to the purchase of the premises by those defendants, interested in buying the building for themselves, and summary judgment dismissing the cause of action for usurpation of a corporate opportunity was, therefore, appropriate. We have considered the plaintiffs' other contentions as to these causes of action and find them to be without merit. Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.