■ PROCESSED MINERALS, INC., Respondent, v AMF TUBO-SCOPE, INC., Appellant.—Order unanimously reversed, on the law, with costs, and motion denied. Memorandum: Since there are several questions of fact which can be resolved only at trial, it was improper to grant plaintiff summary judgment on the issue of liability. It cannot be determined on this record whether the shipments of garnet from plaintiff to defendant were made pursuant to the written purchase and sale agreement between the parties, or pursuant to a separate oral agreement under which defendant was to test garnet of varying specifications before the written contract became effective. The record can be viewed as containing support for either conclusion and thus the issue cannot be determined as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557).

Assuming that the written contract had become effective, the question of whether plaintiff's shipment of nonconforming garnet substantially impaired the value of the whole contract, thus breaching the whole, cannot be summarily resolved (see, Uniform Commercial Code § 2-612 [3]). That issue is ordinarily one of fact (see, Graulich Caterer v Hans Holterbosch, Inc., 101 NJ Super 61, 243 A2d 253 [1968]; Jacobs Co. v Mifflin, 23 Ill App 3d 999, 320 NE2d 329 [1974]), and it is particularly so on this record, which contains several documents supporting conflicting conclusions.

The conduct and intent of the parties should be explored at trial to resolve these and other questions of fact. (Appeal from order of Supreme Court, Onondaga County, Murphy, J.—partial summary judgment.) Present—Dillon, P. J., Callahan, Boomer and Balio, JJ.