■ RUTH CHATTLEY, Also Known as RUTH VOYE, Respon-

dent, v MRS. JOHN CASSIDY, Appellant.—Order insofar as appealed from unanimously reversed on the law without costs, defendant's motion granted and complaint dismissed in its entirety. Memorandum: The court erred by denying defendant's motion for summary judgment dismissing the complaint in its entirety. Plaintiff alleged that she was injured while hanging draperies in defendant's home. She claimed that her foot slipped as she stood on the first step of a small aluminum stepladder. Defendant moved for summary judgment dismissing the complaint, asserting that there were no defects in the premises on which the ladder was placed, that the ladder was in excellent condition and free from defect and that there was no evidence to raise a question of fact with respect to the condition of either the premises or the stepladder. In opposing defendant's motion, plaintiff submitted her affidavit and the transcript of her testimony at an examination before trial. In her affidavit she asserted that the stepladder, which had been provided for her "wasn't tall enough, not sturdy enough, did not have rubber mats on the stairs and had no grips to hold or hang onto." At her examination before trial, she testified that her left foot slipped, but that it did not leave the step and that the ladder did not move before her accident.

Plaintiff's conclusory assertions are insufficient to raise a factual issue. A party opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial (see, Zuckerman v City of New York, 49 NY2d 557, 562). Plaintiff failed to demonstrate any defect which caused her foot to slip and failed to raise any factual issue requiring a trial. (Appeal from order of Supreme Court, Erie County, Fallon, J.—summary judgment.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.