■ In the Matter of JOHN J. MALLON, Appellant, v GEORGE PARNESS, as Mayor of the Village of Suffern, et al., Respondents.—Yesawich, Jr., J. Appeal (transferred to this court by

order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Rosato, J.), entered August 1, 1989 in Rockland County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Trustees of the Village of Suffern terminating petitioner's position as Police Sergeant.

Petitioner, a seven-year veteran of respondent Village of Suffern Police Department in Rockland County, was promoted to Sergeant in 1988; the exact date of this promotion is sharply contested. There is no dispute, however, that petitioner was notified on April 11, 1989 that "effective immediately, [his] position as sergeant [was] terminated". Petitioner commenced this proceeding in part to annul the revocation. Respondents separately moved for summary judgment dismissing the petition. Supreme Court found that as petitioner was demoted during his 26-week probationary period, he was not entitled to a hearing; therefore, the court granted respondents' motions. Petitioner urges on appeal that the existence of a genuine fact question concerning the effective date of his promotion precludes awarding summary judgment; we agree.

Being the moving parties, respondents had the burden of demonstrating entitlement to judgment as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). To meet that burden respondents submitted documentary evidence which indicates that petitioner's promotion took effect, and hence his probationary period commenced, on October 26, 1988. Applying this date, petitioner's April 11, 1989 demotion from Sergeant to Patrolman First Grade occurred during the probationary period. If this action was taken in good faith *(see, Matter of York v McGuire,* 63 NY2d 760, 761) and accomplished in conformity with applicable civil service rules, then notice of charges and a hearing were unnecessary. Petitioner's responding contention, that he was permanently appointed to the position of Sergeant on July 18, 1988, is buttressed by the following: an affidavit from the former Mayor of respondent Village of Suffern, wherein the latter avers that he appointed petitioner to the permanent position of Sergeant on that date and thus petitioner fulfilled his probationary period on January 18, 1989; respondent Rockland County's personnel records which reflect June 1, 1988 as the effective date of the appointment; and the uncontroverted fact that petitioner performed the duties and was paid the salary of Sergeant since June 1988. As a material question of fact exists, summary judgment

was inappropriately granted (CPLR 3212 [b]; *see, Computer Strategies v Commodore Business Machs.,* 105 AD2d 167, 175).

Judgment reversed, on the law, without costs, and motions denied. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur. *[See,* — AD2d — (Mar. 5, 1991).]