■ In the Matter of JOHN J. MALLON, Respondent, v GEORGE PARNESS et al., Appellants. [625 NYS2d 919] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Village of Suffern, dated April 10, 1989, which demoted the petitioner from the position of Probationary Sergeant to the position of Police Patrolman, 1st Grade, the appeals are from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated August 16, 1993, which, upon granting the petitioner's motion for sum-

mary judgment and denying the respondents' cross motions for summary judgment, granted the petition and, *inter alia,* retroactively reinstated the petitioner to the position of Sergeant.

Ordered that the judgment is modified, on the law, by (1) deleting from the first decretal paragraph thereof the provision which granted the petitioner's motion for summary judgment and substituting therefor a provision denying the motion, and (2) deleting therefrom the second through seventh decretal paragraphs; as so modified, the judgment is affirmed, without costs or disbursements.

On a prior appeal involving the same parties, the Appellate Division, Third Department, reversed an order of the Supreme Court, Rockland County, entered August 1, 1989, which had granted the respondents' motions for summary judgment. The Third Department held that a material issue of fact existed as to whether "petitioner's promotion took effect, and hence his probationary period commenced", on October 26, 1988, as the respondents argue, or on July 18, 1988, as the petitioner argues *(see, Matter of Mallon v Parness,* 167 AD2d 614, 615).

Following discovery, the petitioner moved, and the respondents cross-moved, for summary judgment. The Supreme Court granted the petitioner's motion for summary judgment.

A review of the record indicates that there is nothing in the material submitted in support of the petitioner's motion for summary judgment which warrants a departure from the prior holding of the Third Department. Accordingly, the Supreme Court erred in granting the petitioner's motion for summary judgment. Mangano, P. J., Rosenblatt, Miller and Ritter, JJ., concur.