■ PETRY TELEVISION, INC., Respondent, v NATIONAL BROADCASTING COMPANY, INC., Appellant, et al., Defendant. PETRY TELEVISION, INC., Respondent, v WESTINGHOUSE BROADCASTING COMPANY, INC., Appellant, et al., Defendant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered on or about January 25, 1990, denying defendant National Broadcasting Company, Inc.'s (NBC) motion, pursuant to CPLR 3212, for summary judgment dismissing plaintiff's amended complaint as against it, unanimously affirmed, with

costs. Order of the same court (Carol H. Arber, J.), entered February 26, 1990, denying Westinghouse Broadcasting Company, Inc.'s (Westinghouse) motion, pursuant to CPLR 3212, for summary judgment dismissing plaintiff's amended complaint as against it, unanimously affirmed, with costs.

Plaintiff commenced the instant action against defendants Westinghouse and NBC, alleging that they tortiously interfered with its exclusive advertising sales representation contracts with various Post-Newsweek Stations (PNS). Westinghouse, with the assistance of NBC, created Premier Announcement Network (PAN) to sell advertising time for various television stations. Discussions were had between Westinghouse and PNS, pursuant to which PNS joined Westinghouse's PAN, in which NBC maintained a 35% profit participation interest. Defendants' motions for summary judgment were denied, on the ground that triable issues of fact existed as to whether or not defendants had improperly induced PNS to have PAN perform services previously performed exclusively by plaintiff. The IAS court held that further discovery was warranted, pursuant to CPLR 3212 (f).

Plaintiff's principals filed affidavits alleging that PNS principals had informed them that NBC had engaged in solicitations on behalf of PAN. The PNS and NBC principals denied these claims. Absent further discovery, which defendants have resisted, the court below properly concluded that summary judgment was not warranted. While the affidavits relied upon by plaintiff are not in admissible form, they are sufficient to defeat NBC's motion (*Zuckerman v City of New York,* 49 NY2d 557, 562). Furthermore, there exists a wealth of evidence in admissible form as to the nature of the relationship between NBC and Westinghouse in creating, promoting and implementing the PAN objectives to obtain business. When amplified by further discovery, the facts may well demonstrate NBC's direct participation in inducing PNS to contract with PAN.

Westinghouse argues that the PAN/PNS agreement included a provision pursuant to which PNS represented and warranted that its agreements and performance of its agreements with PAN did not infringe upon the rights of any third party. Westinghouse claims that its reliance upon PNS' representations and warranties precludes a finding that it had improperly induced PNS to breach its agreement with plaintiff. However, the limited facts available demonstrate that Westinghouse was well aware that plaintiff had an exclusive arrangement with PNS. Thus, representations and warranties

known to be false may not be relied upon to preclude, as a matter of law, plaintiff's claim against Westinghouse. A question of fact exists as to whether Westinghouse relied upon the warranty. Furthermore, questions of fact exist as to whether Westinghouse, with the knowledge of plaintiff's exclusive arrangement, improperly induced PNS to breach that agreement in favor of PAN. Concur—Ross, J. P., Carro, Milonas, Rosenberger and Asch, JJ.