■ MARA ROSENBLATT, an Infant, by Her Mother and Natural Guardian, FERN ROSENBLATT, et al., Respondents, v ABRAHAM & STRAUSS, INC., et al., Respondents, and WESTINGHOUSE ELEVATOR Co. et al., Appellants. [614 NYS2d 198] —In an action to recover damages for personal injuries, etc., the defendants Westinghouse Elevator Co., a Division of Westinghouse Electric Corp. and Westinghouse Electric Corp. appeal from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated June 18, 1992, as denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them and the cross claims asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellants, all cross claims asserted against them are dismissed, and the action against the remaining defendants is severed.

Contrary to the determination by the Supreme Court, we find that the appellants established their entitlement to judgment as a matter of law by submitting evidence demonstrating that they were not liable for the infant plaintiff's injuries. It was therefore incumbent upon the plaintiffs and the codefendants to submit evidence in admissible form sufficient to raise a triable issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557). They failed to do so. Thus, the Supreme Court erred in denying the motion. Balletta, J. P., Miller, Lawrence and Goldstein, JJ., concur.