■ JUDY ROUSE et al., Appellants, v NEW YORK CITY HOUS-ING AUTHORITY, Respondent. [619 NYS2d 78] —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated March 11, 1993, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs lived in an apartment on the first floor of a building owned by the defendant. The plaintiff Judy Rouse was told by the defendant that it was her responsibility to purchase padlocks for the metal window gates that were installed in front of each window in her apartment. The apparent purpose for installing the metal window gates was to keep out intruders.

On the evening of September 16, 1988, the plaintiffs went to

sleep with their bedroom windows open and the metal window gates that were installed in front of each window to keep out intruders were closed, but not locked as Rouse never purchased locks for these gates. Frederick Bouman, who also lived in the building, entered the apartment, apparently through the open window and gate, and raped one of the plaintiffs. Under these circumstances, it was Rouse's failure to securely lock the window gates that the defendant had provided for her protection which was a substantial cause of the events which produced the plaintiffs' injuries, and not any negligence on the part of the defendant (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint as the plaintiffs failed to demonstrate the existence of a triable issue of fact (see, Zuckerman v City of New York, 49 NY2d 557, 560). Sullivan, J. P., Ritter, Pizzuto and Hart, JJ., concur.