■ TIMOTHY GLEASON et al., Respondents, v HOLMAN CONTRACT WAREHOUSING, INC., et al., Appellants. [636 NYS2d 505] —Casey, J. Appeal from an order of the Supreme Court (Canfield, J.), entered January 25, 1995 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint and cross claims against them.

Plaintiff Timothy Gleason (hereinafter plaintiff), an over-the-road tractor-trailer driver, was injured when he was struck by several cartons of appliances while he was assisting in the unloading of a trailer. The appliances had been loaded into the trailer by employees of defendant Holman Contract Warehousing, Inc. Plaintiff had driven the trailer load of appliances to a warehouse operated by defendant Customized Transportation, Inc. (hereinafter CTI), where the appliances were unloaded.

The procedure and equipment used by Holman to load the appliances into the trailer resulted in a tightly packed configuration, with three cartons across stacked two high the full length of the trailer. The equipment used by CTI to unload the appliances could not grasp the individual cartons from the tightly packed configuration and, therefore, plaintiff was required to "break and spin" the cartons so that CTI's equipment could unload the appliances. While plaintiff was engaged in a "break and spin" maneuver, several cartons fell and struck him, causing serious injuries.

Plaintiff and his wife commenced this action against Holman and CTI to recover damages based upon the injuries sustained by plaintiff. Defendants' answers included cross claims against each other. After discovery had been conducted, each defen-

dant sought summary judgment dismissing the complaint and the cross claim against it. Supreme Court denied the motions, resulting in these appeals by Holman and CTI.

The complaint alleges that both Holman and CTI were negligent in the performance of their respective loading and unloading activities. In support of their summary judgment motions, defendants submitted evidence to demonstrate that their respective loading and unloading procedures complied with accepted and common customs and practices in the warehousing and trucking industries. Plaintiff opposed the motions with evidence to demonstrate that the tightly packed configuration of the load of appliances created a dangerous condition when the "break and spin" maneuver was used as part of the unloading process, that both defendants knew or should have known of the dangerous condition because of prior complaints by plaintiff and at least one other driver, and that alternative methods of loading and/or unloading were available which would not have exposed plaintiff to the dangerous condition.

Neither defendant disputes that in the exercise of its respective loading and unloading activities, it owed a duty of reasonable care to plaintiff. Defendants claim, however, that they satisfied their duty by using loading and unloading methods that complied with customary practices in the industry. We reject defendants' claim because a common practice or usage is not necessarily a conclusive or even a compelling test of negligence, but instead the question in each instance is whether the common practice meets the test of reasonableness (*see, Trimarco v Klein*, 56 NY2d 98, 106-107).

We conclude that the evidence submitted by defendants, while not conclusive, is sufficient to meet their initial burden as the parties seeking summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). We are also of the view, however, that the evidence submitted by plaintiff is sufficient to demonstrate the existence of triable questions of fact concerning the reasonableness of each defendant's conduct in the circumstances (*see, Havas v Victory Paper Stock Co.*, 49 NY2d 381). It is particularly appropriate to leave the issue of whether defendants breached their duty in this case to the jury "not only because of the idiosyncratic nature of most tort cases * * * or because there [is] room for a difference in view as to whether [defendants'] conduct * * * did or did not evidence a lack of due care, but, perhaps above all, because, in the determination of issues revolving about the reasonableness of conduct, the values inherent in the jury system are rightfully

believed an important instrument in the adjudicative process" (*supra,* at 388).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.