■ COLONY OF HOLBROOK, INC., Plaintiff, v KLEET LUMBER COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants, SHAKERTOWN CORP. et al., Appellants, and GIRARD CUSTOM COATERS, Defendant and Third-Party Plaintiff-Respondent. GASPAR LAPIANA, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [696 NYS2d 841] —In an action, *inter alia,* to recover damages for negligence, the defendant third-party plaintiff Kleet Lumber Company, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered April 21, 1998, as granted that branch of the motion of the defendant second third-party plaintiff Girard Custom Coaters which was for summary judgment dismissing the cross claims insofar as asserted against it and that branch of the cross motion of the third-party defendant second third-party defendant Gaspar Lapiana which was for summary judgment dismissing the third-party complaint insofar as asserted against him. The defendants Shakertown Corp. and Summit Management Co. also appeal from the order.

Ordered that the appeals by the defendants Shakertown Corp. and Summit Management Co. are dismissed, for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by Kleet Lumber Company, Inc., with one bill of costs payable by the appellant Kleet Lumber Company, Inc.

The respondent Girard Custom Coaters made out a prima facie case that it was entitled to summary judgment dismissing the cross claims insofar as asserted against it. Similarly, the respondent Gaspar Lapiana made out a prima facie case that he was entitled to summary judgment dismissing the third-party complaint insofar as asserted against him. Since

the proof of the appellant Kleet Lumber Company, Inc., was insufficient to show the existence of a triable issue of fact, the Supreme Court properly granted summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557). Thompson, J. P., Friedmann, Schmidt and Smith, JJ., concur.