■ Darrel Vargas, Appellant, v Menorah Realty Corp. et al., Respondents, et al., Defendants. [710 NYS2d 631] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated April 14, 1999, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Menorah Realty Corp., Moishe Moses, and Sam Moses a/k/a Samuel Moses, and denied his cross motion for summary judgment on the issue of liability against those defendants.

Ordered that the order is modified, by deleting the provision thereof granting that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Menorah Realty Corp., Moishe Moses, and Sam Moses a/k/a Samuel Moses and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the complaint is reinstated insofar as asserted as against the respondents.

The infant plaintiff contends that he suffered lead poisoning as a result of exposure to lead-based paint in his apartment,

which was located in a building owned by the defendant Menorah Realty Corp. (hereinafter Menorah). The defendants Moishe Moses and Sam Moses were Menorah's President and Secretary, respectively.

The Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Menorah, Moishe Moses, and Sam Moses, as an issue of fact exists as to whether Menorah was a corporation or a partnership. Thus, it cannot be determined, *inter alia,* whether the failure to serve Menorah was fatal to the action and whether Moishe Moses and Sam Moses may be held personally liable under Administrative Code of the City of NY § 27-2013 (h), which imposes a duty upon "[t]he owner of a multiple dwelling" to correct lead paint hazards. Therefore, summary judgment dismissing the complaint insofar as asserted against the respondents was inappropriate (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562-563; *Board of Directors v Steinkamp,* 183 AD2d 800).

The parties' remaining contentions are without merit. Joy, J. P., S. Miller, Luciano and Smith, JJ., concur.