■ DAWN M. SCHAEFER, Respondent, v HCP HEALTH CARE PLAN et al., Defendants, and GEORGE R. BAEUMLER, M.D., Appellant. [723 NYS2d 791] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant George R. Baeumler, M.D. dismissed. Memorandum: Supreme Court erred in denying the motion of George R. Baeumler, M.D. (defendant) seeking summary judgment dismissing the complaint against him. The complaint with respect to defendant alleges that he failed to provide or transmit the report of the results of plaintiff's thyroid scan performed on June 24, 1994 at defendant Buffalo General Hospital (Hospital). In support of the motion, defendant submitted his deposition testimony in which he stated that he read the thyroid scan on June 24, 1994 and dictated a report on the scan that same day. In addition, defendant submitted the deposition testimony of an employee of the Hospital. Both defendant and the employee stated that it was the usual custom and practice to mail the report of the results of a scan to the physician who ordered the scan, and that the report would be initialed by the physician who dictated it and then mailed, typically on the day after it is dictated. The Hospital employee further testified that, because plaintiff's paperwork did not indicate which physician of defendant HCP Health Care Plan (HCP) had ordered the scan, the report would have been sent to the offices of HCP in West Seneca. When plaintiff called HCP on June 27, 1994 to obtain the results of the thyroid scan, she was told that the results were normal. On January 15, 1997, during one of plaintiff's several subsequent visits to HCP, defendant Theodore Schulman discovered that the report of the thyroid scan was not in plaintiff's file.

Defendant established his entitlement to judgment as a matter of law by presenting evidence of the "office practice or procedure in the regular course of business" with respect to mailing reports, thus establishing the presumption of the mailing and receipt of the report by HCP (*Burr v Eveready Ins. Co.,* 253 AD2d 650, 651, *lv dismissed* 92 NY2d 1041). "In order to rebut the presumption, the addressee must go beyond mere denial of receipt and actually demonstrate that the server's

routine office practice was *not* followed, or was 'so careless that it would be unreasonable to assume that the notice was mailed' " (*Burr v Eveready Ins. Co., supra,* at 651). Here, HCP and the defendant doctors employed by HCP do not deny that the report was received. Thus, we conclude that plaintiff failed to raise an issue of fact whether the report was mailed (*see, Burr v Eveready Ins. Co., supra; see generally, Zuckerman v City of New York,* 49 NY2d 557, 562), and defendant's motion therefore should have been granted. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Green, J. P., Hayes, Scudder, Burns and Lawton, JJ.