■ MARY CROSCUTT, Individually and as Administrator of the Estate of KENNETH J. CROSCUTT, Deceased, Respondent, v JANERIO D. ALDRIDGE, M.D., et al., Defendants, and Ross GUARINO, M.D., et al., Appellants. (Appeal No. 1.) [764 NYS2d 887] —Appeals from an order of Supreme Court, Erie County (Mintz, J.), entered October 29, 2002, which, inter alia, denied the motions of defendants Ross Guarino, M.D. and CGF Health System, doing business as Millard Fillmore Hospital, for summary judgment dismissing the complaint against them.

(Mintz, J.), entered January 15, 2003, which granted the motions for reargument of defendants CGF Health System, doing business as Millard Fillmore Hospital, and Ross Guarino, M.D. and upon reargument denied the motions of those defendants for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action to recover damages for decedent's personal injuries and wrongful death allegedly resulting from defendants' medical malpractice. Supreme Court properly denied the motion of defendant CGF Health System, doing business as Millard Fillmore Hospital (Hospital), for summary judgment dismissing the complaint against it. The complaint alleges that the pathology report prepared by the Hospital at the request of decedent's surgeon was not timely transmitted. The Hospital failed to meet its burden of demonstrating its entitlement to judgment as a matter of law (*see* CPLR 3212 [b]). The evidence submitted by the Hospital is insufficient to establish its practices or procedures in the regular course of business with respect to transmitting such reports, and thus the Hospital failed to establish its entitlement to the presumption of the mailing and receipt of the report by decedent's surgeon (*cf. Schaefer v HCP Health Care Plan*, 283 AD2d 977 [2001]). The court also properly denied the motion of defendant Ross Guarino, M.D. for summary judgment dismissing the complaint against him. Even assuming, arguendo, that Dr. Guarino met his initial burden on the motion, we conclude that plaintiff raised a triable issue of fact with respect to the existence of a physician-patient relationship between Dr. Guarino and decedent (*see Wienk-Evans v North Shore Univ. Hosp. at Glen Cove*, 269 AD2d 443 [2000]; *see also Gedon v Bry-Lin Hosps.*, 286 AD2d 892, 893-894 [2001], *lv denied* 98 NY2d 601 [2002]). Present—Pigott, Jr., P.J., Green, Pine, Scudder and Hayes, JJ.