OPINION OF THE COURT
Jones, J.
We repeat today a precept frequently stated — where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure so to do, and the submission of a hearsay affirmation by counsel alone does not satisfy this requirement.
On April 3, 1975 plaintiff (who is not a party to the present appeal) was injured when she fell at a curb near a bus stop located in the City of New York while she was attempting to board a bus. She thereafter instituted an action against the city as owner of the sidewalk, the New York City Transit Authority as operator of the bus, Royfost Co., Inc., the owner of the abutting property, and Harvey’s Seafood House, Inc., the tenant in the abutting property. Each of the four defendants cross-claimed against the others, simply asking for indemnification or apportionment of liability under Dole v Dow Chem. Co. (30 NY2d 143).
Because the only basis for liability of the transit authority set out in the complaint was its alleged failure to have maintained the sidewalk and curb at the site of the accident in a safe condition and its negligence in permitting it to have become dangerous, the transit authority moved for summary judgment dismissing plaintiffs pleading as to it, asserting that it was under no legal obligation to maintain the sidewalk or curb. Agreeing with that contention, on June 19, 1977 Supreme Court granted the relief requested. No appeal from that disposition was taken by plaintiff or by any of the other defendants, each of whom had been served with notice of the transit authority’s motion.
The transit authority then moved for summary judgment *561 dismissing all cross claims against it, renewing its disclaimer of obligation with regard to sidewalk or curb maintenance and pointing out that if, as had been determined on the previous motion for summary judgment, it owed no duty to plaintiff for the condition of the sidewalk, it could owe no obligation of contribution to the codefendants. The city opposed the motion on a ground subsequently abandoned after it had aligned itself with the position of Royfost, owner of the abutting property. The latter opposed the motion to dismiss by an affirmation of its attorney stating that, although plaintiff’s complaint alleging liability of the transit authority predicated on an obligation to maintain the sidewalk and curb had been dismissed, in a comptroller’s hearing[1] plaintiff said that as she prepared to enter the bus her foot sank into mud at the curb and that this happened because the bus did not stop at the curb. The attorney concluded that the accident was therefore caused by the transit authority because its bus did not pull up to the curb and urged that a trial with respect to the cross claims should be had because "[u]pon the trial of the action, which will doubtless entail a thorough examination of plaintiff and which may entail a thorough examination of other witnesses to the occurrence, the evidence will doubtless support the view that new york city transit authority through the negligent and reckless operation of its buses particularly with regard to boarding passengers, caused plaintiff to suffer the injuries of which she complains.” Nothing accompanied the attorney’s affirmation.
Supreme Court denied the transit authority’s motion for summary judgment and the Appellate Division, by a divided court, affirmed, thereafter granting the transit authority leave to appeal to our court and certifying the question, "Was the order of the Supreme Court, as affirmed by this Court, properly made?”[2] In affirming the denial of the motion by which the transit authority sought disposition of all claims asserted against it arising out of plaintiff’s accident the majority of the court below held that the transit authority might be held liable under the Dole theory to one or more of its codefendants by reason of negligence in the operation of its bus— negligence not pleaded nor asserted by plaintiff but suggested by a codefendant for the first time in opposition to the transit *562 authority’s summary judgment motion — despite the summary dismissal of plaintiffs complaint against the transit authority by which she had sought to hold it liable for her injuries by reason of alleged negligence in sidewalk and curb maintenance. The court also concluded that the hearsay affirmation by Royfost’s counsel was sufficient with respect to the claimed negligence in bus operation to preclude the grant of summary judgment.
Because this latter conclusion was error, on this record we do not reach the question whether the Appellate Division’s disposition reflected a proper application of the Dole principle. We recently restated the principles applicable to the disposition of motions for summary judgment in Friends of Animals v Associated Fur Mfrs. (46 NY2d 1065, 1067-1068): "To obtain summary judgment it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment’ in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form. On the other hand, to defeat a motion for summary judgment the opposing party must 'show facts sufficient to require a trial of any issue of fact’ (CPLR 3212, subd [b]). Normally if the opponent is to succeed in defeating a summary judgment motion he, too, must make his showing by producing evidentiary proof in admissible form. The rule with respect to defeating a motion for summary judgment, however, is more flexible, for the opposing party, as contrasted with the movant, may be permitted to demonstrate acceptable excuse for his failure to meet the strict requirement of tender in admissible form (e.g., Phillips v Kantor & Co., 31 NY2d 307; Indig v Finkelstein, 23 NY2d 728; also CPLR 3212, subd [f]).” We have repeatedly held that one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient (Alvord v Swift & Muller Constr. Co., 46 NY2d 276, 281-282; Fried v Bower & Gardner, 46 NY2d 765, 767; Platzman v American Totalisator Co., 45 NY2d 910, 912; Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 290).
In this instance the transit authority, the moving party, has *563 met its burden by submission of the pleadings in the action by plaintiff against it together with the final judicial dismissal of that action. We turn then to the submission on the part of Royfost and the city to determine its sufficiency to defeat the grant of summary judgment to which the transit authority would otherwise be entitled. This consisted only of the bare affirmation of Royfost’s attorney who demonstrated no personal knowledge of the manner in which the accident occurred. Such an affirmation by counsel is without evidentiary value and thus unavailing (Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., 42 NY2d 496, 500; Israelson v Rubin, 20 AD2d 668, affd 14 NY2d 887; Lamberta v Long Is. R. R., 51 AD2d 730). His speculation as to what would "doubtless” appear at the trial is patently inadequate to establish the existence of a factual issue requiring a trial as to the manner of operation of the transit authority’s bus. The record contains no affidavit of plaintiff or of any eyewitness and no transcript of any examination before trial;[3] no request was made for an adjournment of the motion to permit any such examination; no identification of the hypothetical "other witnesses to the occurrence”, with an accompanying statement as to the substance of their testimony and explanation for failure to submit affidavits from them, was proffered.
The affidavit or affirmation of an attorney, even if he has no personal knowledge of the facts, may, of course, serve as the vehicle for the submission of acceptable attachments which do provide "evidentiary proof in admissible form”, e.g., documents, transcripts. Such an affidavit or affirmation could also be accepted with respect to admissions of a party made in the attorney’s presence. In the present instance, however, the attorney was not present at the comptroller’s hearing, nor was anyone else on behalf of his client. As to that hearing the attorney was a total stranger.
Thus, there is a failure to tender evidentiary proof in admissible form and no offer of excuse for such failure. In this circumstance it was error to deny the transit authority’s *564 motion for summary judgment on the speculative ground that recovery against it on one or more of the cross claims might be premised on negligent operation of its bus.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the motion for summary judgment granted against all codefendants.

. Not otherwise described and without indication of the participants thereat.

. It appears that Harvey’s Seafood House, Inc., the tenant, defaulted at Special Term and at the Appellate Division. It has taken no part in the appeal in our court.

. As indicated, reference is made in the attorney’s affirmation to a hearing before the city comptroller at which plaintiff testified. While conclusory restatements of her testimony at that hearing were included in the affirmation, no copy of the transcript was attached. Indeed, we are informed that Royfost’s application made at the Appellate Division to supplement the record to include such transcript was denied by that court. No benefit may be derived from these conclusory statements (Lamberta v Long Is. R. R., 51 AD2d 730, supra), to say nothing of the speculative extrapolation of liability the attorney would erect on them.