■ Maria Castillo, Appellant, v Carver Federal Savings and Loan Association, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiff appeals from

(1) an order of the Supreme Court, Kings County (Held, J.), dated November 23, 1984, which granted the defendant's motion for summary judgment, and (2) an order of the same court, entered January 28, 1985, which denied her motion for reargument.

Ordered that the appeal from the order entered January 28, 1985, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 23, 1984 is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The Supreme Court, Kings County, properly granted the defendant's motion for summary judgment. That motion raised issues of whether or not the defendant was a mortgagee in possession and whether or not, assuming that the defendant was a mortgagee in possession, there was any demonstration of the defendant's failure to use due care in the repair and maintenance of the premises which proximately caused the infant's injuries. Even assuming, without deciding, that the defendant was a mortgagee in possession and therefore owed the plaintiff a duty of care with respect to the maintenance of the subject premises, the plaintiff failed to set forth factual allegations sufficient to support her claim that the defendant was negligent, either with regard to its causing the fire or in affording reasonable access from the building. In addition, the plaintiff failed to raise any triable issue as to whether, if in fact the defendant were negligent, such negligence was a proximate cause of the infant's injuries. Accordingly, since no triable issue of fact existed for resolution at trial, summary judgment was properly granted to the defendant (see, Zuckerman v City of New York, 49 NY2d 557).

We have examined the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.