■ LYNNE M. CORAN et al., Appellants, v GREGORY S. CARR et al., Defendants, and DONALD J. SCHUMACHER, Individually and Doing Business as MIKE'S SERVICE, Respondent. (Appeal No. 2.)—Order affirmed with costs. All concur, Callahan, J., not participating. Memorandum: Summary judgment dismissing the complaint against defendant Schumacher, doing business as Mike's Service, was properly granted. Approximately one year before the accident Schumacher performed a New York State motor vehicle inspection on the modified van in which plaintiff Lynne Coran was injured. The van had been driven 10,000 to 12,000 miles after the inspection and before the accident. At an examination before trial Schumacher testified in some detail to the nature and extent of the inspection that he performed, and he concluded that it complied with applicable regulations. Plaintiffs have not shown by evidentiary proof in admissible form that his inspection did not so comply *(Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiffs contend that facts essential to justify opposition to Schumacher's motion might exist but could not be stated until they had a chance to test the kingpin and linkpin, the failure of which may have caused the accident. This contention lacks merit, since the submissions of the parties

establish that defects in the pins which might be revealed by testing could not have been discovered by an inspection properly conducted under the applicable regulations (15 NYCRR 79.21). (Appeal from order of Supreme Court, Erie County, Flaherty, J.—summary judgment.) Present—Dillon, P. J., Callahan, Pine, Lawton and Davis, JJ.