■ JERRY BASILE, Doing Business as AMERICAN CIGARETTE AND MACHINE Co., Respondent, v KEVIN FLOOD et al., Appellants.—In an action to recover damages for the value of vending equipment allegedly converted or negligently lost, the defendants appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated October 1, 1987, as, upon reargument of an order granting their motion to vacate their default in opposing the plaintiff's motion for summary judgment, inter alia, failed to search the record and award them summary judgment, and (2) as limited by their brief, from so much of an order of the same court, dated April 12, 1988, as, upon further reargument of the plaintiff's motion for summary judgment, adhered to the original determination and denied that branch of their motion which was for summary judgment.

Ordered that the appeal from the order dated October 1, 1987, is dismissed, as that order was superseded by the order dated April 12, 1988, made upon reargument; and it is further,

Ordered that the order dated April 12, 1988, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

A review of the moving papers reveals that there is a clear factual dispute between the parties with respect, inter alia, to whether the defendant Kevin Flood refused to permit the plaintiff to remove his vending machines which were on the defendants' premises. The resolution of this and other factual matters is necessary in order to determine whether the defendants converted the plaintiff's property and should be held

responsible for the subsequent theft of his machines. Since neither the plaintiff nor the defendants have established their respective claims sufficiently to warrant this court to direct judgment in their favor as a matter of law, we must deny the applications for summary judgment of both the plaintiff and the defendants *(see,* CPLR 3212 [b]; *see also, Zuckerman v City of New York,* 49 NY2d 557, 562). Thompson, J. P., Bracken, Brown and Harwood, JJ., concur.