■ EARL DILLMAN, Respondent, v INTERNOTE USA INC., Appellant.—Order of the Appellate Term (Stanley Parness, J. P., Jawn A. Sandifer and Stanley S. Ostrau, JJ.), entered on or about February 8, 1988, modifying the order of the Civil Court, New York County (Seymour Schwartz, J.), entered on or about May 15, 1986, which granted defendant Internote USA Inc.'s motion for summary judgment dismissing the complaint, by denying defendant's motion and reinstating its counterclaim, is unanimously reversed, on the law, and the order of Civil Court reinstated, without costs or disbursements.

Defendant Internote USA Inc., which markets electronic

musical instruments and related products, hired plaintiff Earl Dillman, by a letter agreement dated October 8, 1980, to be vice-president for 1981, with the intention of becoming general manager the following year. The salary for 1981 was to be $80,000 plus a minimum bonus of $10,000. The salary for 1982 was set at $90,000 plus a minimum bonus of $10,000. Paragraph 7 of the agreement provided "[i]n the event of termination caused by no fault or lack of performance on your part, you would receive compensation based on your basic salary, continued insurance coverage for a period of six months, and out-placement assistance."

After commencing his employment in January 1981, plaintiff was terminated on May 17, 1982, allegedly for cause, i.e., poor performance. He commenced this action alleging breach of a contract of employment that was supposed to last as long as defendant remained in business in the United States. Defendant moved for summary judgment, which was granted by the Civil Court. The Appellate Term modified, finding that there was a "question of fact" as to whether plaintiff was entitled to severance pay pursuant to paragraph 7 of the agreement.

In support of its summary judgment motion, defendant submitted the pleadings, deposition testimony by its executive vice-president and by plaintiff, plus documentary evidence, including the letter agreement. Defendant also submitted the affidavit of its Controller, which detailed by verified financial statements the sharp decline in sales and the large increase in losses that occurred during plaintiff's tenure with defendant. Thus, defendant made a prima facie showing both that the agreement was terminable at will and that plaintiff was not entitled to severance pay, since he was discharged for poor performance.

In response, the plaintiff opposed solely by an affirmation by his attorney, who stated that plaintiff was employed pursuant to an oral agreement that his employment would continue as long as defendant was in business within the United States and, further, that "plaintiff performed his duties in an exemplary fashion". These conclusory assertions by one without personal knowledge of the facts were insufficient to demonstrate the existence of any factual issue precluding the grant of summary judgment to defendant (see, Zuckerman v City of New York, 49 NY2d 557). Concur—Sullivan, J. P., Asch, Milonas, Rosenberger and Wallach, JJ.