■ PETER MATTIMORE, Respondent, v PATROON FUELS, INC., et al., Appellants. [604 NYS2d 293] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Conway, J.), entered May 4, 1992 in Albany County, which, *inter alia,* denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff seeks to recover for damages caused by an oil spill or leak which he maintains occurred in the basement of his residence on November 29, 1979. When plaintiff's mother noticed the smell of oil at the house, she contacted defendant Patroon Fuels, Inc., the entity responsible for servicing the furnace and oil burner.* The Patroon employee who responded was unable to discover the source of the leak, but speculated that it might be an underground fuel line running from the tank to the burner. Patroon's replacement of the line proved unsuccessful, however, as did its continuing efforts to eliminate the problem, which included replacement of a filter as well as several attempts to remove the smell using oil absorbing and odor neutralizing chemicals. Plaintiff eventually converted to a gas heating system and allegedly incurred significant expense in replacing household furnishings that had retained the oil smell.

Following joinder of issue, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to establish that an oil spill had occurred or that defendants were in any way responsible for the oil odor or any alleged damages arising therefrom. Plaintiff cross-moved for similar relief. Supreme Court denied both motions and this appeal by defendants ensued.

Defendants rely, to a large extent, on the terms of a contract by which Patroon agreed to provide inspection and service for the "burner and furnace" only. Asserting that plaintiff has tendered no proof that his damages were caused by any condition affirmatively created by the actions of Patroon or its employees, or by a defect in the burner or furnace, defendants insist that summary judgment in their favor is warranted. As the moving parties, however, defendants are obliged to come forth with admissible proof of facts which, if uncontradicted, would entitle them to judgment as a matter of law *(see, Ayotte v Gervasio,* 81 NY2d 1062, 1063; *Zuckerman v*

---

* Defendant Herzog and Hopkins, Inc. was the successor in interest to Patroon and defendant Atlantic Richfield, Inc. was, at all times relevant hereto, the parent company of Patroon.

*City of New York,* 49 NY2d 557, 562); inasmuch as they have not done so, summary judgment was properly denied.

The proof presented by defendants does not incontestably demonstrate that they are free from responsibility for the leak or spill that caused plaintiff's harm. Defendants do not dispute that there was some evidence of the presence of oil in plaintiff's basement, and plaintiff's claim that he was damaged by the smell or residue of oil is unrefuted. Further, in a letter from the Department of Environmental Conservation, counted upon by defendants to sustain their thesis that they did not cause any spill, the Department's technician notes that, in 1982, there was evidence of residual oil staining the basement floor, and opines that "the cause of the spill was most likely a leaking line to the furnace". In all, defendants' submissions prove only that they are unable to identify the source of the oil; they have not shown, nor even asserted in a conclusory manner, that the oil did not come from a leak in the furnace or the tank, which they had previously undertaken to repair and hence over which they had assumed some responsibility. Defendants simply have not carried their burden, in the first instance, of establishing, prima facie, their right to judgment dismissing the complaint, and plaintiff therefore bears no obligation, at this juncture, to demonstrate the existence of a question of fact.

Weiss, P. J., Mikoll and White, JJ., concur.

Crew III, J. (dissenting). I respectfully dissent. Contrary to the opinion of the majority, I am of the view that defendants did present facts which, if uncontradicted, would entitle them to judgment as a matter of law. Daniel Smith, an oil burner service representative then employed by defendant Patroon Fuels, Inc., testified at his examination before trial that upon his arrival at plaintiff's residence on November 29, 1979, the date of the alleged spill, he detected a "distinct odor" of oil and observed a film of oil and water in the drain under the basement floor and oil stains on the basement walls.* Smith further testified, however, that he did not observe any oil on the basement floor, that there were "no visible signs of any oil leakage from the tank or the oil line" and that there were "no spills outside". Smith was unable to locate the source of the smell but, as a precautionary measure, installed a new oil line on the surface of the basement floor between the tank and the furnace. Additionally, as noted by the majority, there is

---

* The record indicates that this drain was connected to a storm sewer which would, on occasion, back up and flood plaintiff's basement.

opinion evidence from the Department of Environmental Conservation that "the cause of the spill was most likely a leaking line to the furnace", which Patroon had not contracted to inspect or service. Given that evidence, I believe that defendants were entitled to judgment absent proof by plaintiff that an oil spill did occur on the date in question as a result of Patroon's failure to properly inspect or service plaintiff's burner or furnace, or as the result of Patroon's negligent repair of plaintiff's oil tank undertaken some four years earlier.

Ordered that the order is affirmed, with costs.