■ ANGELINA DELEO, Individually and as Administratrix of the Estate of ERNEST DELEO, Deceased, Respondent, v CITY OF NEW YORK et al., Defendants, FIRST JEFFERSONIAN, Respondent, and ELITE ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. ALL BORO UTILITY, Third-Party Defendant-Respondent-Appellant. [612 NYS2d 57] —In an action to recover damages for wrongful death, etc., (1) the defendant third-party plaintiff Elite Associates, Inc., appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 14, 1992, as denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it, and (2) the third-party defendant All Boro Utility cross-appeals from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendant-respondent.

On the evening of February 16, 1985, the decedent Ernest DeLeo was driving along Kent Avenue in Brooklyn when his vehicle allegedly struck a three to four foot high mound of dirt on the west side of the roadway. DeLeo's vehicle tipped over and burst into flames, and DeLeo, who was seriously burned, died of his injuries approximately three weeks later. The decedent's estate subsequently commenced this wrongful death action against, *inter alia,* Elite Associates, Inc. (hereinafter Elite), a general contractor responsible for the performance of construction work near the scene of the accident. Elite thereafter commenced a third-party action seeking indemnification and/or contribution from its subcontractor Natale Plumbing Co. (hereinafter Natale), and Natale's subcontractor All Boro Utility (hereinafter All Boro), which was responsible for performing certain sewer and water main work at the project site.

After the parties had conducted discovery, All Boro moved for summary judgment, contending that the affidavit of one of its employees, as well as the deposition testimony of Elite's vice president, established, as a matter of law, that All Boro had not performed any work on the Kent Avenue roadway

prior to February 16, 1985, and thus could not have been responsible for the creation of the mound of dirt which allegedly caused the decedent's accident. The defendant Elite cross-moved for summary judgment, similarly claiming that neither Elite nor its subcontractors were responsible for the creation of a dangerous condition in the Kent Avenue roadway. The Supreme Court denied the motion and cross motion for summary judgment, and we now affirm.

Contrary to the appellants' contentions, the record discloses that issues of fact remain as to their responsibility for the existence of the dirt mound which allegedly caused the decedent's accident. The conflicting evidence submitted by the parties failed to establish, *inter alia,* the precise location of the work for which the appellants were responsible, and although an All Boro employee submitted an affidavit claiming that All Boro performed no work in the roadway prior to the decedent's accident, the president of subcontractor Natale, testified that all work related to water and sewer hookups in the roadway was performed by All Boro. Accordingly, the Supreme Court properly determined that resolution of the appellants' potential liability for the decedent's death must await a trial *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Balletta, J. P., Miller, Hart and Krausman, JJ., concur.