■ SARA PADUANO, as Administratrix of the Estate of JOSEPH PADUANO, Deceased, Appellant, v CHEMICAL MORTGAGE COMPANY et al., Respondents, et al., Defendants. [633 NYS2d 183] —In an action, *inter alia,* to foreclose an alleged vendor's lien on certain real property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered April 14, 1994, which, upon an order of the same court, dated February 25, 1994, granting the motion of the defendants Chemical Bank and Chemical Mortgage Company for summary judgment dismissing the complaint insofar as it is asserted against them, dismissed the complaint as against the moving defendants and declared their mortgage on the subject property to be entitled to priority over the plaintiff's alleged interest in the property.

Ordered that the judgment is affirmed, with costs.

In moving for summary judgment, the respondents established prima facie that they possessed a first mortgage entitled to priority over any lien held by the plaintiff's decedent. We conclude that the plaintiff failed to submit admissible evidence indicating the existence of a vendor's lien, i.e., that the attorney-in-fact of the plaintiff's decedent did not receive the full purchase price for the property in question *(see,* 91 NY Jur 2d, Real Property Sales and Exchanges, § 157). Because the plaintiff failed to submit sufficient evidence to raise a triable issue of fact, the Supreme Court properly granted the respondents' motion for summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Sullivan, J. P., Miller, Copertino and Goldstein, JJ., concur.