■ RIGOBERTO SALCEDO, Plaintiff, v M. PARIKH, Defendant and Third-Party Plaintiff-Respondent. BETH ISRAEL MEDICAL CENTER et al., Third-Party Defendants; PIERRE R. BEAUBRUN, Third-Party Defendant-Appellant. [641 NYS2d 687] —In a medical malpractice action to recover damages for personal injuries, the third-party defendant Pierre R. Beaubrun appeals from so much of an order of the Supreme Court, Kings County (Scholnick, J.), dated December 13, 1994, as denied the branch of the cross motion of the third-party defendants Central Brooklyn Medical Group, P. C., d/b/a Bedford-Williamsburg HIP Center, Pierre R. Beaubrun, "John" Matt, and "Robert" DiSilva which was for summary judgment dismissing the third-party complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the cross motion which was for summary judgment dismissing the third-party complaint insofar as asserted against Pierre R. Beaubrun is granted, the third-party complaint is dismissed insofar as it is asserted against him, and the third-party action against the remaining third-party defendants is severed.

Where the movant for summary judgment has established his cause of action or defense sufficiently to warrant the court, as a matter of law, in directing judgment in his favor, the opposing party must show facts sufficient to require a trial of any issue of fact to defeat that motion (CPLR 3212 [b]; *see, Zucker-*

*man v City of New York,* 49 NY2d 557, 562). The defendant third-party plaintiff failed to submit sufficient evidence to create a triable issue of fact regarding whether Dr. Beaubrun participated in the patient's treatment during the relevant period. Therefore, the court should have granted summary judgment to Dr. Beaubrun. Thompson, J. P., Santucci, Joy and Altman, JJ., concur.