■ 110 SAND Co., Respondent, v NASSAU LAND IMPROVE-MENT Co., INC., et al., Appellants, et al., Defendants. [642 NYS2d 91] —In an action to recover damages for breach of contract, Nassau Land Improvement Co., Inc., The American Insurance Company, and Seaboard Surety Company appeal from (1) an order of the Supreme Court, Suffolk County (Cohalan, J.), entered December 13, 1994, which granted the plaintiff's motion for partial summary judgment, and (2) a judgment of the same court, entered thereon on December 27, 1993.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff, in moving for partial summary judgment, established a prima facie case of entitlement to payment for materials supplied pursuant to a subcontract.

In opposition, the appellants contended that the plaintiff failed to provide fill materials that maintained a "conversion ratio" from tons to cubic yards of 1.2. However, the appellants submitted only one affidavit, which averred that the structural fill materials, as measured by the resident engineer, showed a combined "conversion/compaction ratio" in excess of 1.68. No affidavit from the engineer was submitted to support this assertion. In any event, the plaintiff offered an explanation, in case such a representation was actually made by the engineer, that a 1.68 conversion/compaction figure could be consistent with a 1.2 conversion ratio. Moreover, at no time in the approximately one and one-half years that the plaintiff delivered the fill did the appellants complain that the fill failed to meet the specifications of the 1.2 conversion ratio.

The appellants also assert that the plaintiff delivered about 20% of the fill in a wet condition. As a result, Nassau Land Improvement Co., Inc., incurred a 20% increase in costs relat-

ing to those materials. However, there is no evidence in the record to support the assertion that the fill was delivered in a wet condition. Again, there were no complaints on the record about the fill. Thus, since the appellants failed to demonstrate, through evidence in admissible form, that questions of fact existed regarding the plaintiff's performance of the subcontract, the plaintiff's motion for partial summary judgment was properly granted (*see, Zuckerman v City of New York,* 49 NY2d 557). Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.