■ BETTY J. KITTLE, Appellant, v CONTINENTAL INSURANCE COMPANY, Respondent. [659 NYS2d 738] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered December 26, 1995, which granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, the motion denied as to the second cause of action, and the second cause of action reinstated, and otherwise affirmed, with costs payable to plaintiff.

Defendant-insurance company moved for summary judgment to dismiss plaintiff-mortgagee's action to recover under a fire insurance policy for damages to certain property and pursuant to a settlement agreement between the parties. Defendant, which had earlier rejected the owner's claim under the policy because of the fire's questionable cause, maintained in its motion that plaintiff's action was time-barred under the terms of the policy and that plaintiff, by virtue of having foreclosed on the property, no longer had an insurable interest as mortgagee. Defendant also asserted that the second cause of action, under the alleged settlement agreement, should be dismissed because any such agreement was also dependent on plaintiff's status as mortgagee, which was terminated upon foreclosure.

The IAS Court granted summary judgment, finding that plaintiff's claim was time-barred; that plaintiff's foreclosure on the mortgage had terminated her insurable interest in the property; and that her attorney's affidavit in opposition to defendant's motion failed to raise any issue of fact. We find to the contrary that plaintiff provided the court with sufficient and admissible evidence to raise an issue of fact with respect to the second cause of action and modify accordingly.

While plaintiff seems to concede that the first cause of action, seeking recovery pursuant to the insurance policy, is time-barred by the two-year Statute of Limitations contained in the policy, the second cause of action seeks recovery under a separate settlement agreement by which defendant allegedly promised to pay plaintiff $31,317.80 of the $39,629.80 deficiency that existed following the foreclosure sale. The attorney's affidavit did not consist simply of conclusory allegations that might not withstand a motion for summary

judgment, but, rather, referred to and incorporated evidence that specifically supported plaintiff's allegation of a settlement agreement by which defendant promised to pay plaintiff a sum of money (*Zuckerman v City of New York*, 49 NY2d 557, 563). Thus, the second cause of action alleges an entirely separate breach of contract claim that is independent of the insurance policy. Some of the evidence submitted post-dates the foreclosure sale, which is relevant to defendant's claim that any such agreement was solely pursuant to plaintiff's status as mortgagee. Accordingly, summary judgment was unwarranted as to the second cause of action. Concur—Sullivan, J. P., Milonas, Tom and Andrias, JJ.