■ ZESHAN MALLIK et al., Appellants, v JOHN YOUNGBLOOD, Defendant, and INDEPENDENT COACH CORPORATION et al., Respondents. [710 NYS2d 395] —In an action to recover damages for personal injuries etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated April 23, 1999, which granted the separate motions of the defendants Independent Coach Corporation and Lawrence Union Free School District #15 which were, *inter alia,* for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motions are denied.

The plaintiffs alleged that the bus stop designated by the school district is unsafe, and that therefore it is liable for injuries sustained by the infant plaintiff Zeshan Mallik as he attempted to cross the street after leaving the school bus. Generally, a school district may not be held vicariously liable for the purported negligence of a bus company that is an independent contractor (see, Kleeman v Rheingold, 81 NY2d 270). Here, however, the affidavit of the plaintiffs' expert raised a triable issue of fact as to the safety of the bus stop in question, and therefore, the motion of the school district should have been denied (see generally, Zuckerman v City of New York, 49 NY2d 557).

The Supreme Court also erred in granting summary judgment to the defendant bus company. While the intersection where the infant plaintiff was discharged was designated by the school district, the record indicates that it was left to the discretion of the bus company to decide where at the intersection to drop off the students. The plaintiffs have raised a triable issue as to whether the bus company failed to exercise reasonable care in not stopping on the busier street of the intersection, which the infant plaintiff was required to cross (see, Vehicle and Traffic Law § 1174 [b]; Bruce v Hasbrouk, 207 AD2d 10, affd 87 NY2d 370). Joy, J. P., Florio, H. Miller and Smith, JJ., concur.