RICHARD POLONETSKY, Respondent, v AMERICAN BROADCASTING COMPANIES, INC., et al., Appellants, and HARVARD MAINTENANCE INC., Respondent, et al., Defendant. [724 NYS2d 861] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered December 6, 2000, which, in action for personal injuries sustained by plaintiff when he slipped and fell on his employer's premises, denied a motion by plaintiff's employer's corporate parent (defendant ABC, Inc.) and another ABC, Inc. subsidiary (defendant Ambroco Development Corp.) to dismiss the complaint and all cross claims as against them, and by plaintiff's employer (defendant American Broadcasting Companies, Inc., or Broadcasting) to dismiss the cross claims against it by the floor waxing company (defendant Harvard Maintenance Inc.), unanimously modified, on the law, to grant the motion as to Broadcasting and Ambroco, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant Ambroco Development Corp. dismissing the complaint and all cross claims as against it and in favor of defendant-appellant American Broadcasting Companies, Inc. dismissing the cross claims of defendant-respondent Harvard Maintenance Inc. as against it.

Harvard's cross claims against Broadcasting, plaintiff's employer, are barred by Workers' Compensation Law § 11, and should have been dismissed. New York does not recognize the "dual capacity doctrine" advocated by Harvard (*see*, *Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 158). Ambroco made a prima facie showing that it did not own, operate or maintain the premises where plaintiff fell, and Harvard's conclusory allegations to the contrary do not suffice to raise an issue of fact in that regard (*see*, *Zuckerman v City of New York*, 49 NY2d 557, 562). However, the record does contain evidentiary material, in particular, purchase orders for Harvard's services, sufficient to raise an issue of fact as to ABC, Inc.'s involvement in maintaining the premises, and the motion was therefore properly denied insofar as made on its behalf. Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.