■ DIANE TURSO, Appellant, v EILEEN STEIN et al., Respondents, et al., Defendants. [726 NYS2d 688] —In an action to re-

cover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated June 29, 2000, as granted that branch of the cross motion of the defendant Raytone Plumbing Specialties, Inc., which was for summary judgment dismissing the supplemental verified complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the cross motion of the defendant Raytone Plumbing Specialties, Inc., which was for summary judgment is denied, and the supplemental verified complaint and cross claims are reinstated insofar as asserted against that defendant.

On March 20, 1997, the defendant Raytone Plumbing Specialties, Inc. (hereinafter Raytone), was hired by the owners of property abutting a public sidewalk to repair a water main break at the property. Part of this repair work involved opening the sidewalk. On April 26, 1997, the plaintiff tripped and fell on an excavated portion of the sidewalk. The plaintiff commenced an action against, among others, Raytone claiming, *inter alia*, that Raytone was responsible for the condition of the sidewalk. The Supreme Court granted a branch of Raytone's cross motion and dismissed the supplemental verified complaint insofar as asserted against it.

Raytone should not have been granted summary judgment on this record. While Raytone asserts that the plaintiff fell at a location outside the area where it performed the repair, the plaintiff submitted photographic and testimonial evidence raising an issue of fact regarding whether she fell on a condition created by Raytone in connection with its work. Under these circumstances, Raytone is not entitled to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; CPLR 3212 [b]). Altman, J. P., Krausman, McGinity and Cozier, JJ., concur.