■ °STEVION BOYD, Appellant, v FRANK PALADINO et al., Respondents, et al., Defendant. (And Two Third-Party Actions.) [742 NYS2d 670] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Mason, J.), dated January 25, 2001, which granted the motion of the defendants Frank Paladino and Action Equipment Rental Corp. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff brought this action to recover damages for injuries he allegedly sustained while he was seated in the passenger seat of a truck on the evening of June 27, 1996. At the time, the plaintiff's right arm was resting outside of the truck's open window. As the truck was backing out of a driveway, wind caused the gate of the fence surrounding the property to close on his arm.

The complaint named, among others, the respondents, Frank Paladino, the owner of the property, and Action Equipment Rental Corp. (hereinafter Action), a company in which Paladino had an interest. The plaintiff alleged, inter alia, that the respondents were negligent in constructing the gate with an inadequate locking mechanism and without holes for wind to pass through. The Supreme Court granted the respondents' motion for summary judgment, finding, inter alia, that Action was not an owner of the premises or a party to the lease, the affidavit of the plaintiff's expert was speculative in that it failed to present any evidence that the gate's locking mechanism was unsafe, Paladino was an out of possession landlord and not responsible for the repair and upkeep of the property, and there were no complaints made to Paladino concerning any defect in the locking mechanism. The plaintiff appeals, and we affirm.

The Supreme Court properly granted summary judgment to Action based on its demonstrated lack of any ownership or management interest in the subject property. The plaintiff failed to raise an issue of fact in this regard. Further, after Paladino made a prima facie showing that he was entitled to judgment as a matter of law inasmuch as he was an out of possession landowner and was not obligated under the lease to maintain the premises (see Putnam v Stout, 38 NY2d 607; Hepburn v Getty Petroleum Corp., 258 AD2d 504), the plaintiff failed to demonstrate the existence of a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).

The plaintiff's remaining contentions are without merit. Smith, J.P., O'Brien, McGinity and Townes, JJ., concur.