■ Vefeas, Inc., Respondent, v Devon Management Co., Appellant, et al., Defendant. [744 NYS2d 865] —In an action, inter alia, to recover damages for breach of a restrictive covenant in a lease, the defendant Devon Management Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered May 10, 2001, as granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

There are issues of fact requiring the denial of the motion for summary judgment on the issue of liability. O'Brien, J.P., H. Miller, Schmidt and Cozier, JJ., concur.

■ Village of Mamaroneck, Appellant, v Town of Rye et al., Respondents. [744 NYS2d 866] —In an action for a judgment declaring, pursuant to Village Law §§ 6-604 and 6-606, that the defendants Town of Rye, Village of Port Chester, and Village of Rye Brook are responsible for the maintenance and repair of 11 bridges located in the Rye Neck section of the Village of Mamaroneck and the Town of Rye, the plaintiff appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered March 23, 2001, which, inter alia, denied its cross motion for summary judgment.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the plaintiff's contention, the Supreme Court correctly found that an issue of fact exists as to whether the plaintiff maintained supervision and control over all, or only some, of the bridges in question (*see* Village Law § 6-604; *Zuckerman v City of New York,* 49 NY2d 557).

The Supreme Court properly determined that the issue of the constitutionality of Village Law § 6-604 as applied to the defendants should be determined after trial, since any constitutional questions raised may be obviated should the plaintiff ultimately be found to have exercised supervision and control over the bridges in question.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Friedmann, Schmidt and Cozier, JJ., concur.