■ LUCILLE GIANGRASSO, Appellant, v ASSOCIATION FOR HELP OF RETARDED CHILDREN et al., Respondents. [750 NYS2d 524] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated January 30, 2002, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court correctly held that she did not establish her entitlement to judgment as a matter of law on the issue of liability based on the defendants' alleged breach of a statutory duty (*see* Mental Hygiene Law § 33.17; *Zuckerman v City of New York,* 49 NY2d 557, 559; *cf. Cucalon v State of New York,* 103 Misc 2d 808). The Supreme Court properly concluded, after reviewing the legislative history of Mental Hygiene Law § 33.17 and the former statute from which it was derived, the Mental Hygiene Law of 1927, that Mental Hygiene Law § 33.17 does not apply to the plaintiff under the facts and circumstances of this case (*see Cucalon v State of New York, supra*).

The plaintiff's remaining contentions are without merit. Florio, J.P., S. Miller, Adams and Crane, JJ., concur.