■ JUAN CARRASQUILLO, Respondent, v SOUTH BUFFALO RAILWAY COMPANY et al., Appellants. [811 NYS2d 832]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered March 4, 2005 in a personal injury action. The order denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that defendants were negligent with respect to the ownership, operation, maintenance, management, construction, control and design of the railroad tracks and crossing at issue and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle that he was driving was struck by a train that was about to enter the plant where plaintiff was employed. According to plaintiff's deposition testimony, the tracks "[r]un straight into the plant." Plaintiff had completed his shift at the plant and was leaving the parking lot when the accident occurred, and it is undisputed that the train was traveling at a low rate of speed. Supreme Court properly denied that part of defendants' motion for summary judgment dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that defendants were negligent in failing to warn of the train's approach by failing to sound the horn or whistle and failing to provide adequate lighting on the train (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We further conclude, however, that the court erred in denying that part of defendants' motion seeking summary judgment dismissing the complaint insofar as the

complaint, as amplified by the bill of particulars, alleges that defendants were negligent with respect to the ownership, operation, maintenance, management, construction, control and design of the railroad tracks and crossing at issue. It is undisputed that the railroad tracks and crossing were located entirely within the property of the plant and were owned and operated by plaintiff's employer and defendants had no control over them. Thus, we modify the order accordingly. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.