■ SELECTIVE INSURANCE COMPANY OF AMERICA, Appellant, v MERCHANTS INSURANCE GROUP, Respondent, et al., Defendants. [818 NYS2d 774]—Motion by the appellant and cross motion by the respondent for leave to reargue an appeal from an order of the Supreme Court, Kings County, dated September 15, 2004, which was determined by decision and order of this Court dated November 28, 2005.

Upon the papers filed in support of the motion and cross motion and the papers filed in relation thereto, it is

Ordered that the cross motion is denied; and it is further,

Ordered that the motion is granted to the extent that, upon reargument, the decision and order of this Court dated November 28, 2005 (see *Selective Ins. Co. of Am. v Merchants*

*Ins. Group,* 23 AD3d 638 [2005], *lv denied* 6 NY3d 714 [2006]), is recalled and vacated, and the following decision and order is substituted therefor, and the motion is otherwise denied:

In an action for a judgment declaring that the defendant Merchants Insurance Group is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *Ganci v Bloomingdale Props.,* commenced in the Supreme Court, Kings County, under index No. 705/00, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated September 15, 2004, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant Merchants Insurance Group is obligated to *defend and* indemnify the plaintiff in the underlying personal injury action.

The plaintiff established its entitlement to judgment as a matter of law, as the insurance policy issued by the defendant Merchants Insurance Group (hereinafter Merchants) stated that Merchants would act as a primary insurer. In opposition, Merchants failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Merchants is obligated to *defend and* indemnify the plaintiff in the underlying personal injury action (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The parties' remaining contentions are without merit. Miller, J.P., Luciano, Dillon and Covello, JJ., concur.