■ In the Matter of RHEA L.W., Appellant. NIAGARA COUNTY ATTORNEY, Respondent. [924 NYS2d 912]—

Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered October 19, 2010 in a proceeding pursuant to Family Court Act article 3. The order, among other things, found that respondent had willfully violated an order of conditional discharge and placed her in the custody of the New York State Office of Children and Family Services.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent contends that Family Court erred in revoking an order of conditional discharge based on its finding that she violated a condition directing her to enroll in a specified private facility for troubled youth. We agree with respondent that petitioner failed to meet its burden of establishing that she willfully violated that condition (*see generally* Family Ct Act § 360.3 [1]; *Matter of Anthony M.*, 81 AD3d 1205, 1206 [2011]). Indeed, petitioner's own evidence at the hearing on the petition established that respondent took the steps required of her but was unable to enroll in the facility because her mother could not afford the fees. The court, therefore, should have dismissed the petition.

In view of our decision, we do not address respondent's challenge to the dispositional portion of the order. Present—Scudder, P.J., Peradotto, Lindley, Green and Gorski, JJ.

■ JAMES M. ROBERTS, Respondent, v ROBERT OUTHOUSE, Sheriff of County of Cayuga, et al., Appellants. [925 NYS2d 364]— Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered December 6, 2010. The order, insofar as appealed from, denied the motion of defendants for summary judgment and to preclude plaintiff's expert testimony.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs. Present—Scudder, P.J., Peradotto, Lindley, Green and Gorski, JJ.

■ GRAY-LINE OF NIAGARA FALLS, INC., Respondent, v CINCINNATI INSURANCE COMPANIES, Appellant, and ANN MARIE TRUSSO, Respondent. [925 NYS2d 300]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered

October 28, 2010 in a declaratory judgment action. The order and judgment granted plaintiff's motion for summary judgment and denied the cross motion of defendant Cincinnati Insurance Companies for summary judgment.

It is hereby ordered that the order and judgment so appealed from is unanimously reversed on the law without costs, plaintiff's motion is denied, the cross motion is granted and judgment is granted in favor of defendant Cincinnati Insurance Companies as follows:

It is adjudged and declared that defendant Cincinnati Insurance Companies has no duty to defend or indemnify plaintiff in the underlying action in federal court.

Memorandum: Plaintiff commenced this action seeking judgment declaring that Cincinnati Insurance Companies (defendant) is obligated to defend and indemnify it in the underlying action commenced in federal court by defendant Ann Marie Trusso, one of plaintiff's employees. In that underlying action, Trusso sought damages for, inter alia, injuries sustained by her when she was sexually assaulted by a person also employed by plaintiff. We agree with defendant that Supreme Court erred in granting plaintiff's motion for summary judgment against defendant. The commercial liability policy issued by defendant to plaintiff excludes coverage where "[a]n 'employee' of the insured sustain[s a bodily injury] in the 'workplace.' " There is no dispute that Trusso was plaintiff's employee at the time of the incident and that she was working at the tour booth pursuant to plaintiff's directive when the incident occurred. Thus, the exclusion applies as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff and Trusso argue that coverage is nonetheless available because Trusso's injuries were unrelated to the performance of employment duties. We note that there is also a separate policy exclusion for bodily injuries to "[a]n 'employee' of the insured arising out of the performance of duties related to the conduct of the insured's business." Inasmuch as the policy separately excludes coverage for injuries that occur in the workplace as well as injuries that are work-related, the fact that Trusso's injuries were unrelated to the performance of employment duties is of no moment (*see generally Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 5 NY3d 157, 162 [2005], *rearg denied* 5 NY3d 825 [2005]; *Progressive Halcyon Ins. Co. v Giacometti*, 72 AD3d 1503, 1506 [2010]). Present—Scudder, P.J., Peradotto, Lindley, Green and Gorski, JJ.