OPINION OF THE COURT
Ruben A. Martino, J.
In this holdover proceeding based on respondent’s failure to renew a rent-stabilized lease, respondent moves for summary judgment, attorneys’ fees and for such other and further relief as is appropriate. Petitioner opposes. Based on the notice of motion and affirmation in opposition, the court grants summary judgment in favor of respondent but denies the request for legal fees.
Respondent moved into the subject premises on September 23, 2005 pursuant to a two-year nonregulated market lease at $1,440 per month. Petitioner was and still is receiving a J-51 *798 tax benefit for the building (Administrative Code of City of NY § 11-243). On August 2, 2007 respondent entered into a two-year nonregulated lease extension starting on October 1, 2007 at a monthly rent of $1,625. Respondent signed another two-year nonregulated lease with petitioner commencing October 1, 2009 at a monthly rent of $1,660. On or about January 19, 2010, respondent, as a named plaintiff, filed a proposed class action seeking a determination that her apartment was unlawfully deregulated while the owner received J-51 tax benefits, an adjustment of the rent and a refund of her overcharge. The case was dismissed on October 31, 2011 and respondent is now appealing. On or about June 30, 2011, petitioner offered respondent a rent-stabilized lease commencing October 1, 2011 with a legal regulated rent of $2,799.12 for a two-year lease and $2,707.77 for a one-year lease with preferential rents of $1,780 and $1,720 respectively. The lease also contained a J-51 rider. Respondent refused to sign the renewal lease upon the advice of counsel. Petitioner then commenced this holdover proceeding.
Respondent seeks summary judgment dismissing the case because petitioner failed to offer a proper lease renewal. The movant requesting summary judgment has the initial burden of showing entitlement to judgment without the need for a trial as a matter of law (Zuckerman v City of New York, 49 NY2d 557 [1980]). Once an initial showing is made, the burden shifts to the opposing party to establish the existence of a material issue of fact (id.). The court’s function in deciding a summary judgment motion is issue finding, not issue determination (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957]).
Petitioner acknowledges that the respondent’s apartment is subject to the rent stabilization law because petitioner is and has been receiving a J-51 tax abatement and therefore it was not able to deregulate the apartment because of a high rent vacancy (Roberts v Tishman Speyer Props., L.P., 13 NY3d 270 [2009]). Respondent’s central argument is that the rent-stabilized lease offered by petitioner is improper because the rent contained in the lease is not the legal rent. A landlord may not maintain a holdover proceeding based on the tenant’s refusal to sign a lease if it contains an illegal rent {Haberman v Neumann, 2003 NY Slip Op 50031[U] [App Term, 1st Dept 2003]).
The legal issue the court must decide in determining whether the lease offer was improper is how to calculate the rent in an apartment now covered by rent stabilization because of the *799 Roberts decision. The Roberts decision is silent on this issue and the courts and the New York State Division of Housing and Community Renewal have been struggling to answer this. As observed by one court, “The issue of the formula to be used in post Roberts cases has yet to be finally resolved” (Dodd v 98 Riverside Dr., LLC, 2012 NY Slip Op 31653[U], *5 [Sup Ct, NY County 2012]). The leading case at this point is the Appellate Term, First Department’s decision in 72A Realty Assoc. v Lucas (32 Misc 3d 47 [2011]). That was an expired lease holdover proceeding. The petitioner’s claim for possession was dismissed because the court found that the apartment, allegedly decontrolled because of a high rent vacancy, was rent stabilized by virtue of the landlord’s J-51 tax benefit. The tenant had counterclaims for rent overcharge and was seeking to go outside of the four-year look-back period contained in Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516 (a) (2). The court held that the tenant could not go back because there was no demonstration of fraud or willfulness by the landlord. In determining what the legal rent should be the court affirmed the lower court’s decision which held that the allowable rent was the rent agreed to in the lease in effect four years immediately preceding the filing of the overcharge claim, along with the periodic rent stabilization guidelines increases available over the term of the tenancy. This formula has been adopted and followed by various courts (Casey v Whitehouse Estates, Inc., 36 Misc 3d 1225[A], 2012 NY Slip Op 51471[U] [Sup Ct, NY County 2012]; Rosenzweig v 305 Riverside Corp., 35 Misc 3d 1241[A], 2012 NY Slip Op 51103[U] [Sup Ct, NY County 2012]; Baron v Laurence Towers Co. LLC, 2012 NY Slip Op 32177[U] [Sup Ct, NY County 2012]; Dodd v 98 Riverside Dr., LLC, 2012 NY Slip Op 31653[U] [Sup Ct, NY County 2012]). This court shall follow the decision of 72A Realty and use the formula of that case for determining the legal rent. As expressed in Baron v Lawrence Towers Co. LLC:
“The 72A Realty Associates formula, while not perfect, is the one that, in this court’s opinion, makes the most sense. It neither unduly punishes either party nor does it create any windfall because the parties followed what was widely believed to be the correct law at the time the lease was made.” (2012 NY Slip Op 32177DJ] at *7.)
In applying the 72A Realty formula to the instant case, the court finds that the base date is four years before the respon *800 dent raised her overcharge complaint. She filed an overcharge claim in Supreme Court on January 13, 2010. The base date would then be January 19, 2006, four years before she filed her claim. Both sides are prevented from introducing evidence of the rental history before the base date (Rent Stabilization Law § 26-516 [a] [2]). The lease in effect between the parties during the base date had a rent of $1,440. The court does not agree with respondent’s argument that instead of the lease amount, the last registered legal rent should be used. Post -Roberts cases are not about rent registrations and “[f]bring the rent stabilized rent in hindsight pursuant to the failure to register provisions of the RSL, under these circumstances, would be unduly punitive for what was action otherwise taken in good faith, relying upon the agency’s own interpretation of the law” (Dodd v 98 Riverside Dr., LLC at *4-5). Respondent has not raised or demonstrated any fraud or willfulness on the part of the petitioner.
Using a base rent of $1,440, petitioner was able to take a 5.75% guidelines increase for the two-year renewal lease the parties entered into commencing October 1, 2007. That would bring the monthly rent to $1,522.80. Petitioner could lawfully take a 6% increase for the next renewal respondent entered into commencing October 1, 2009. That would bring the rent to $1,614.17. Therefore, the 2011 lease offered by petitioner, the subject of this holdover, should have offered respondent the option of a one-year renewal with a 3.75% increase for $1,674.70 or a two-year renewal with a 7.25% increase for $1,731.20. Since petitioner’s lease renewal offered respondent a one-year lease with a legal regulated rent of $2,707.77 or a two-year lease with a legal regulated rent of $2,799.12, both with lower preferential rents, it cannot maintain this case because the lease renewal contained unlawful rents under 72A Realty Assoc. The case must be dismissed.
Respondent also argues that the lease renewal offered by petitioner was unlawful because it contained a J-51 rider which was not in the initial lease. The court finds that the inclusion of a J-51 rider in the renewal lease, although not contained in the initial lease, does not make the renewal lease improper. A renewal lease must be offered on the same terms and conditions except where a landlord can demonstrate that the change is necessary in order to comply with the specific requirements of laws or regulations applicable to the building or the lease (Von Rosenvinge v Wellington Fee, LLC, 19 Misc 3d 1118[A], 2008 NY Slip Op 50765[U] [Sup Ct, NY County 2008]). The parties in the *801 instant case entered into the initial lease believing that the premises were not covered by rent stabilization, a position long supported by the New York State Division of Housing and Community Renewal. With the Roberts decision both parties now became subject to additional rights and responsibilities under rent stabilization that were not memorialized in the initial lease. The inclusion of the rider, something that would have been part of the initial lease if the parties were aware of the apartment’s status, can properly be included now in the renewal.
Respondent also moves for attorneys’ fees under paragraph 21 of the lease and Real Property Law § 234. Assuming that paragraph 21 of the lease would entitle respondent to legal fees for being the prevailing party in this case, the court declines to award any fees. Petitioner offered respondent a rent-stabilized lease with a rental amount supported by the last registered rent, individual apartment improvements, vacancy and rent guidelines increases. These increases are all permitted by law and do not evidence bad faith by petitioner given the uncertainty of rent calculations in apartments covered by the Roberts decision. The imposition of attorneys’ fees in this case, where landlord is obligated to offer a renewal lease, yet the method of determining the actual rent is not finally resolved by the courts or legislature, would be unfair (72A Realty Assoc. v Lucas). Respondent argues that attorneys’ fees are especially warranted in this case because respondent is now subject to the Landlord Registry which could impair her ability to rent an apartment. However, respondent could have avoided this by signing the proposed lease and challenging the rent in an appropriate forum. The signing of a lease by a rent-stabilized tenant cannot be used as a waiver of respondent’s rights under rent stabilization (Rent Stabilization Code [9 NYCRR] § 2520.13).
Accordingly, as there are no issues of fact, summary judgment in favor of respondent is granted dismissing this holdover proceeding. The part of the motion seeking attorneys’ fees is denied.