# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**346**
**CA 15-01462**
PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

DAVID R. MILES, PLAINTIFF-APPELLANT,

V                                                      MEMORANDUM AND ORDER

TOWN/VILLAGE OF EAST ROCHESTER,
DEFENDANT-RESPONDENT.

---

PHETERSON SPATORICO LLP, ROCHESTER (KAMRAN HASHMI OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, ROCHESTER (RAUL E. MARTINEZ OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Ann
Marie Taddeo, J.), entered November 5, 2014. The order granted the
motion of defendant for summary judgment dismissing the amended
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
the failure of defendant's employee, i.e., the building inspector, to
conduct a proper inspection of the roof that was installed on
plaintiff's residence by a building contractor and in issuing a
certificate of compliance. Supreme Court properly granted defendant's
motion for summary judgment dismissing the amended complaint. It is
well settled that, "[t]o sustain liability against a municipality
[exercising a governmental function], the duty breached must be more
than that owed to the public generally" (*Lauer v City of New York*, 95
NY2d 95, 100; *see Coleson v City of New York*, 24 NY3d 476, 481).
Here, plaintiff contends that defendant owed him a special duty of
care because defendant voluntarily assumed a duty to plaintiff "beyond
what was owed to the public generally" (*Applewhite v Accuhealth, Inc.*,
21 NY3d 420, 426). The elements necessary to establish that a duty
has been voluntarily assumed by a municipality are: " '(1) an
assumption by the municipality, through promises or actions, of an
affirmative duty to act on behalf of the party who was injured; (2)
knowledge on the part of the municipality's agent[] that inaction
could lead to harm; (3) some form of direct contact between the
municipality's agent[] and the injured party; and (4) that party's
justifiable reliance on the municipality's affirmative undertaking' "
(*Coleson*, 24 NY3d at 481). "A plaintiff must satisfy each of these
factors in order to establish a special relationship" (*Applewhite*, 21

NY3d at 431).

Here, we conclude that defendant established as a matter of law that it did not assume an affirmative duty to act on plaintiff's behalf with respect to the dispute he had with the roofing contractor and that plaintiff did not justifiably rely on defendant's alleged actions, and plaintiff failed to raise an issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Although defendant's employee indicated to plaintiff that he "had some issues" with the work, he also indicated that he wanted to review the matter further and that he would investigate plaintiff's complaints. That communication does not, "as a matter of law, constitute an action that would lull a plaintiff into a false sense of security or otherwise generate justifiable reliance" that defendant would refuse to issue a certificate of compliance (*Dinardo v City of New York*, 13 NY3d 872, 874). Indeed, "at the heart of most of these 'special duty' cases is the unfairness that the courts have perceived in precluding recovery when a municipality's voluntary undertaking has lulled the injured party into a false sense of security and has thereby induced him either to relax his own vigilance or to forego other available avenues of protection" (*Cuffy v City of New York*, 69 NY2d 255, 261). The record establishes that plaintiff did not in fact "relax his own vigilance or . . . forego other available avenues of protection," inasmuch as he attempted to resolve the dispute with the roofing contractor and retained an independent inspector to determine whether the contractor's work violated State or local building codes (*id.*).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court