Sunrise Acupuncture, P.C., as Assignee of Linnette Howard-Cole, Appellant,
against
Merchants Preferred Ins. Co., Respondent. 




Gary Tsirelman, P.C. (Douglas Mace of counsel), for appellant.
Lawrence N. Rogak, LLC (Lawrence N. Rogak of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered September 28, 2019. The order, insofar as appealed from as limited by the brief, granted the branches of defendant's motion seeking summary judgment dismissing claims for services billed under CPT codes 99203 and 97039, and portions of claims that were denied on the ground of lack of medical necessity.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branches of defendant's motion seeking summary judgment dismissing claims for services billed under CPT codes 99203 and 97039, and the portions of claims that were denied on the ground of lack of medical necessity are denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals, as limited by its brief, from so much of an order of the Civil Court as granted the branches of defendant's motion seeking summary judgment dismissing claims for services billed under CPT codes 99203 (initial visit) and 97039 (moxibustion), as well as the portions of claims that were denied on the ground of lack of medical necessity.
Plaintiff correctly argues that defendant failed to establish its claimed defense as to the [*2]services billed under CPT code 99203, as defendant did not demonstrate that a different provider had billed for such services and that said provider was previously paid for such services. Plaintiff also correctly argues that defendant could not deny, on the ground that defendant needed more information before it could make a determination with respect to such claims, so much of plaintiff's claims as sought to recover for services billed under CPT code 97039—instead, it was defendant's burden to request additional verification in the first instance (see Bronx Acupuncture Therapy, P.C. v Hereford Ins. Co., 175 AD3d 455 [2019]), and defendant did not demonstrate that it had done so. Consequently, defendant did not establish its prima facie entitlement to summary judgment (see Zuckerman v City of New York, 49 NY2d 557 [1980]) upon plaintiff's claims seeking to recover for services billed under CPT codes 99203 and 97039.
In addition, plaintiff is correct that defendant was not entitled to summary judgment dismissing the portions of plaintiff's claims which defendant denied on the ground of lack of medical necessity, as the independent medical examination report submitted by defendant is not in admissible form (see Quality Psychological Servs., P.C. v New York Cent. Mut. Fire Ins. Co., 38 Misc 3d 134[A], 2013 NY Slip Op 50063[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), which objection plaintiff raised in its opposition papers. 
Accordingly, the order, insofar as appealed from, is reversed, and the branches of defendant's motion seeking summary judgment dismissing claims for services billed under CPT codes 99203 and 97039, and portions of the claims that were denied on the ground of lack of medical necessity are denied.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019