■ Francis Wesselenyi et al., Respondents, v Luis Santiago et al., Appellants. (Appeal No. 1.) [731 NYS2d 421] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court abused its discretion in denying defendants' motion to bifurcate the trial. As a general rule, "[i]ssues of liability and damages in a negligence action are distinct and severable issues that should be tried and determined separately" (*Hrusa v Bogdan,* 278 AD2d 947; *see, Stevens v Dorsaneo,* 267 AD2d 997). Plaintiffs failed to establish the applicability of the exception to the general rule, which arises when "the injuries sustained by plaintiffs have an important bearing on the issue of liability and are probative in determining how the accident occurred" (*Guizzotti v English,* 273 AD2d 932). (Appeal from Order of Supreme Court, Erie County, Fahey, J.—Bifurcate Trial.) Present—Green, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.

■ Francis Wesselenyi et al., Respondents, v Luis Santiago et al., Appellants. (Appeal No. 2.) [731 NYS2d 108] —Order

unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendants' motion seeking summary judgment dismissing the complaint. Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Francis Wesselenyi (plaintiff), a letter carrier, while he was attempting to deliver mail to defendants. Plaintiffs allege that plaintiff fell on ice that had accumulated on defendants' driveway. Defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). There are issues of fact whether the condition of the driveway was open and obvious and whether defendants had notice thereof. In addition, there is an issue of fact whether defendants created the condition that caused plaintiff to fall by permitting the construction of a snow hill on the front lawn and driveway, and parking their car in the driveway in such a manner that plaintiff had no alternative route to reach the mailbox other than by traversing a snow-covered area of the driveway. (Appeal from Order of Supreme Court, Erie County, Fahey, J.—Summary Judgment.) Present—Green, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.