■ ROLLIN D. PHILLIPS et al., Appellants, v FILTREC CORPORATION, Respondent. [778 NYS2d 639]—

Appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered April 4, 2003. The order granted defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiffs commenced this negligence action to recover damages for injuries sustained by Rollin Douglas Phillips (plaintiff) while he was performing a maintenance inspection and/or light maintenance work on a 30-passenger school bus. Plaintiff used a hydraulic lift maintained by defendant to elevate the bus. In their verified bill of particulars, plaintiffs alleged that "defendant failed to replace the safety stop(s) on the rear lift of lift #4 allowing for the rear adapter to kick out . . . causing the bus to tip over, striking plaintiff."

Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. Although defendant established its entitlement to judgment as a matter of law, plaintiffs raised a triable issue of fact whether defendant was negligent, i.e., whether defendant had replaced the adapters on lift number four without also replacing the safety stops (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Consequently, we reverse the order, deny the motion and reinstate the complaint. Present—Pine, J.P., Hurlbutt, Gorski, Martoche and Lawton, JJ.