■ JODY J. FILIATRAULT, Appellant, v GRAHAM CONSTRUCTION & MAINTENANCE COMPANY, Defendant, and RIST-FROST ASSOCIATES et al., Respondents. [783 NYS2d 171]—

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered August 25, 2003. The order granted those parts of the motion of defendants Rist-Frost Associates and O'Connell Electric Company for summary judgment dismissing the amended complaint against them in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained while performing maintenance work at a wastewater treatment facility. According to plaintiff, defendants were negligent with respect to the installation of a light fixture when the facility was built in 1981. Supreme Court properly granted those parts of the motions of Rist-Frost Associates and O'Connell Electric Company (defendants) for summary judgment dismissing the amended complaint against them. In servicing the facility's water clarifier, plaintiff and two coworkers had to lift a steel plate and gear box from the clarifier to gain access to a malfunctioning shear pin. When they were unable to do so by hand, they used a "tow strap" and "chain fall" to create a pulley system for lifting the steel plate and gear box. One of the coworkers placed the tow strap over an I-beam and next to a light fixture. When plaintiff attempted to use that improvised system to lift the steel plate and gear box, the tow strap rubbed against the light fixture, causing the fixture to fall on plaintiff's head. We conclude that the use of the tow strap and chain fall system by plaintiff constituted "an unforeseeable intervening act, sufficient to break the causal chain [between defendants' alleged negligence and plaintiff's injuries], thus absolving defendants of any claimed liability" (*Haughton v T & J Elec. Corp.*, 309 AD2d 1007, 1009 [2003], *lv denied* 1 NY3d 508 [2004]; *see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]). Indeed, defendants established that such a system had never been utilized in the 17 years of the facility's existence and was inconsistent with the facility's maintenance procedures. Defendants therefore established their entitlement to judgment as a matter of law, and we conclude that plaintiff failed to raise an issue of fact to defeat their motions (*see generally Zuckerman v City of New York*, 49 NY2d

557, 562 [1980]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Martoche, JJ.