■ TYRONE HOBBS, Appellant, v ENPROTECH CORP., as Successor in Interest to Allied Products Corporation and its Division, et al., Defendants, and DEL EQUIPMENT, LTD., Respondent. [784 NYS2d 801]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered July 2, 2003. The order granted the motion of defendant Del Equipment, Ltd. for summary judgment dismissing the complaint against it in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint against defendant Del Equipment, Ltd. is reinstated in accordance with the following Memorandum: Plaintiff commenced the instant products liability action seeking damages for injuries that he sustained when machinery that he was operating at his former place of employment allegedly malfunctioned. Plaintiff alleges in his complaint that his former employer leased the machinery from Del Equipment, Ltd. (defendant). Defendant moved for summary judgment dismissing the complaint against it on the ground that it is an improper party. Defendant established its entitlement to judgment by presenting evidence that it is an inactive shell company of Diesel Equipment Limited and that it did not lease the machinery to plaintiff's former employer (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Defendant further established that Holt Industries leased the machinery to plaintiff's former employer. Nevertheless, defendant concedes that the trading name for Diesel Equipment Limited is DEL Equipment and that the trading name may have been a source of confusion for plaintiff. Moreover, we note that, when it filed the instant motion, defendant had not responded to plaintiff's discovery demands and depositions were scheduled to be conducted six days later. Plaintiff submitted affidavits in opposition to the motion establishing "that facts essential to justify opposition may exist but [could not] then be stated" without discovery (CPLR 3212 [f]). We therefore conclude that, under these circumstances, Supreme Court should have denied the motion without prejudice or ordered a continuance to permit plaintiff to obtain discovery (*see id.; cf. Fellows v County of Onondaga,* 2 AD3d 1462, 1463 [2003]). Thus, we reverse the order, deny the motion without prejudice and reinstate the complaint against defendant. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.