■ Scott Lee et al., Respondents, v Joseph M. Stearns, Appellant, et al., Defendant. Joseph M. Stearns, Third-Party Plaintiff-Appellant, v O'Connell Electric Co., Inc., Third-Party Defendant-Respondent. (Appeal No. 1.) [807 NYS2d 898]— Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered October 18, 2004 in a personal injury action. The order, among other things, granted in part the cross motion of third-party defendant for summary judgment dismissing the third-party complaint.

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered December 23, 2004 in a personal injury action. The order, among other things, granted the cross motion of third-party defendant for summary judgment dismissing the cause of action for common-law indemnification.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying in its entirety the cross motion with respect to the third-party complaint and the cross motion with respect to the cause of action for common-law indemnification and reinstating the third-party complaint and as modified the order is affirmed without costs.

Memorandum: We agree with defendant Advantage Trucks & Salvage, Inc. and defendant and third-party plaintiff Joseph M. Stearns (collectively, defendants) that Supreme Court erred in granting the cross motion of third-party defendant for summary judgment in part and dismissing the causes of action for contractual indemnification and breach of contract and in granting the subsequent cross motion of third-party defendant for summary judgment dismissing the cause of action for common-law indemnification. We therefore modify the order accordingly. Although the portion of the deposition transcript of Scott Lee (plaintiff) that is provided in the record establishes that plaintiff had just shoveled and salted the loading dock and "slipped and fell" while moving a welding machine, we note that plaintiff did not testify therein that he slipped on ice or snow. We thus conclude that there are issues of fact both with respect to defendants' alleged negligence and whether that alleged negligence was a proximate cause of the accident, precluding summary judgment (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Green, J.P., Scudder, Kehoe, Martoche and Pine, JJ.