JOHN LYNCH, Respondent, v WINCHESTER HOMEOWNER'S
ASSOCIATION, INC., et al., Appellants, et al., Defendants. (And a
Third-Party Action.) [883 NYS2d 247]—

In an action to recover damages for personal injuries, the
defendants Winchester Homeowner's Association, Inc., and
Westchester Property Management Group, Inc., appeal from an
order of the Supreme Court, Westchester County (Nastasi, J.),
dated September 30, 2008, which denied their motion for sum-
mary judgment dismissing the complaint insofar as asserted
against them.

Ordered that the order is reversed, on the law, with costs, and
the motion of the defendants Winchester Homeowner's Associa-
tion, Inc., and Westchester Property Management Group, Inc.,
for summary judgment dismissing the complaint insofar as as-
serted against them is granted.

The plaintiff, a catch basin cleaner, was injured while working
on property owned by the defendant Winchester Homeowner's

Association, Inc., and managed by the defendant Westchester Property Management Group, Inc. (hereinafter together the appellants). The plaintiff was lowering himself into a catch basin when a 250-pound catch basin cover fell on his right hand, severing four of his fingers. Immediately before the accident, the catch basin cover was leaning against a pry bar, which had been used by either the plaintiff or his coworker to lift the cover off of the catch basin. No one saw the cover fall, and the plaintiff does not know what caused it to fall.

The plaintiff commenced the instant action to recover damages for personal injuries, alleging that the appellants negligently maintained the catch basin. The Supreme Court denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them upon the ground that issues of fact existed as to whether, inter alia, the absence of ladder rungs inside the catch basin was a proximate cause of the accident. We reverse.

The appellants demonstrated their entitlement to judgment as a matter of law (*see* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted, inter alia, the affidavit of a licensed professional engineer, who inspected the subject catch basin and opined that the lack of interior ladder rungs was a defective condition that contributed to the plaintiff's injuries "because his hands were only in the position they were due to the lack of the ladder rungs." Any negligence on the part of the appellants in failing to install interior ladder rungs merely furnished the occasion for an unrelated act to cause injuries not ordinarily anticipated (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 316 [1980]). Under the circumstances, summary judgment should have been awarded to the appellants. Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.