■ JIM SIDIROPOULOS et al., Respondents, v ORBIT FLOORING, INC., Defendant, and GALAXY CARPET & FLOOR CARE, INC., Appellant. [887 NYS2d 256]—

In an action, inter alia, to recover damages for breach of contract, the defendant Galaxy Carpet & Floor Care, Inc., appeals from an order of the Supreme Court, Richmond County (Fusco, J.), dated May 5, 2008, which denied its motion, in effect, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion, in effect, for summary judgment dismissing the complaint insofar as asserted against it, is granted.

The plaintiffs Jim Sidiropoulos and his plumbing company Delphi Plumbing & Heating, Inc. (hereinafter Delphi Plumbing), allege that they contracted with the defendants Orbit Flooring, Inc. (hereinafter Orbit), and Galaxy Carpet & Floor Care, Inc. (hereinafter Galaxy), to install hardwood flooring over a radiant heating system in Sidiropoulos's newly constructed home. The plaintiffs allege that the defendants used longer nails than agreed upon to install the wood floors, thereby puncturing the tubing beneath the flooring and necessitating the replacement of the tubing and most of the flooring. The plaintiffs commenced this action against the defendants asserting causes of action to recover damages for breach of contract and negligence.

At his examination before trial, Sidiropoulos testified that he hired Orbit to install wood floors over the radiant heating tubing in the subfloors and that it was his understanding that Galaxy would perform the wood finishing. Galaxy's principal Louis Bauza, at his examination before trial, denied that he agreed to perform any work at the premises. A purchase order issued by Delphi Plumbing, through Sidiropoulos, required Orbit to perform both the installation and refinishing of the wood flooring; no mention was made of Galaxy or Louis Bauza. After Orbit had completed most of the work, Sidiropoulos terminated it from the job, whereupon he discovered damage to the tubing. It is undisputed that Galaxy never performed any work at the premises.

Following the completion of discovery, Galaxy moved, in effect, for summary judgment dismissing the complaint insofar as

asserted against it on the ground that there was no basis for holding it liable for the plaintiffs' alleged damages. The Supreme Court denied the motion, finding that there were triable issues of fact. We reverse.

Galaxy established its prima facie entitlement to judgment as a matter of law by tendering evidence in admissible form demonstrating that there was no basis for holding it liable for the plaintiffs' damages (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d at 557). While the plaintiffs contend that they hired Galaxy to perform the wood finishing, the clear and unambiguous intent of the purchase order was for Orbit, an unrelated company, to perform both the installation and finishing of the wood floors. In any event, Galaxy performed no work at the premises and the plaintiffs' damages allegedly were sustained as a result of the installation rather than the finishing of the flooring.

Contrary to the plaintiffs' contention, the fact that Sidiropoulos allegedly relied upon Galaxy's excellent reputation in hiring Orbit to install the wood floors is not a legal basis to hold Galaxy liable for Orbit's alleged negligence. Accordingly, in the absence of any basis to hold Galaxy liable for the plaintiffs' damages, the Supreme Court should have granted its motion, in effect, for summary judgment dismissing the complaint insofar as asserted against that defendant. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.