■ BOARD OF MANAGERS OF PARADISE HARBOR AT PIERMONT LANDING CONDOMINIUM, Respondent-Appellant, v DUTCH HILL REALTY CORP. et al., Appellants-Respondents. (And a Third-Party Action.) [889 NYS2d 672]—

The plaintiff Board of Managers of Paradise Harbor at Piermont Landing Condominium (hereinafter the Condo Board) and Twenty Eight Associates, LLC (hereinafter 28 Associates), entered into a settlement agreement wherein 28 Associates was mandated to complete various repairs and construction work at the Piermont Landing Condominium. On the same day, the Condo Board entered into a contract with the defendants Dutch Hill Realty Corp. and Union State Bank (hereinafter together the Bank), wherein the Bank was obligated to provide to 28 Associates, under existing loans, sufficient funding for 28 Associates to complete the settlement work. The Bank extended loans to 28 Associates, the full amounts of which were exhausted prior to the completion of the work. The Bank proposed to increase the loan amount; however, this proposal was ultimately refused by 28 Associates. The Bank did not inform the Condo Board that 28 Associates refused their offer to increase the loan amount. The work remained uncompleted until the Condo Board undertook to complete it, expending a significant sum in the process.

The Bank established its entitlement to judgment as a matter of law dismissing the first, second, and third causes of action, alleging breach of contract, by demonstrating that it provided funding under existing loans to 28 Associates as required under the agreement and proposed to increase the loan amount after the exhaustion of the previous loans in order to complete the work (see Zuckerman v City of New York, 49 NY2d 557 [1980]). The Bank also demonstrated that, under the terms of the agreement, the Condo Board was not entitled to court costs or fees for the Bank's alleged failure to negotiate a settlement in good faith. Under provision 7 of the agreement, negotiating in good faith is a condition precedent to initiating litigation or arbitration. The failure by either party to negotiate in good faith does not give rise to any particular penalty or remedy. Only the prevailing party in litigation is entitled to court costs and fees. In opposition, the Condo Board failed to raise a triable issue of fact. Therefore, the Supreme Court improperly denied those

branches of the Bank's motion which were for summary judgment dismissing the first, second, and third causes of action.

The Condo Board failed to establish, on those branches of its motion which were for summary judgment on the issue of liability on the first and third causes of action, that the Bank breached its obligation under the agreement. Although it is undisputed that 28 Associates failed to complete the settlement work, that fact does not establish that the Bank violated the agreement. The Condo Board also failed to establish that it is entitled to relief based on the Bank's alleged breach of an obligation to negotiate in good faith under the terms of the agreement. In any event, the Condo Board failed to demonstrate that the Bank failed to negotiate a settlement in good faith. Therefore, the Supreme Court properly denied those branches of the Condo Board's cross motion which were for summary judgment on the issue of liability on the first and third causes of action.

The plaintiff's remaining contention is not properly before this Court. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.