# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**570**

**CA 13-01728**

PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

TIMOTHY H. WRIGHT, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

CITY OF JAMESTOWN AND CITY OF JAMESTOWN POLICE
DEPARTMENT, DEFENDANTS-APPELLANTS.

---

MARILYN FIORE-LEHMAN, CORPORATION COUNSEL, JAMESTOWN, FOR
DEFENDANTS-APPELLANTS.

TULLY RINCKEY PLLC, ALBANY (MICHAEL W. MACOMBER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered December 21, 2012. The order denied the motion of defendants for summary judgment and granted the cross motion of plaintiff for partial summary judgment on the computation of vacation pay.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's cross motion and granting that part of defendants' motion for summary judgment dismissing the second cause of action, and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a police officer with defendant City of Jamestown Police Department and a member of the United States Army Reserves, commenced this action alleging that he was discriminated against by defendants based on his status as a member of the reserves in violation of the Uniformed Services Employment and Reemployment Rights Act ([USERRA] 38 USC § 4301 *et seq.*). Defendants appeal from an order that denied their motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for partial summary judgment on his claim that defendants violated USERRA by prorating his vacation and annual compensatory time pay.

We agree with defendants that Supreme Court erred in granting plaintiff's cross motion, thereby concluding that defendants violated USERRA when they prorated plaintiff's vacation and annual compensatory time pay by using the time he actually worked in a prior year as a police officer relative to his absences from work due to his reserve duty. We therefore modify the order accordingly. Pursuant to 38 USC § 4316 (a), a reservist who returns to work "is entitled to the seniority and *other rights and benefits determined by seniority* that

the person had on the date of the commencement of service in the uniformed services[,] plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed" (emphasis added).  Based on the relevant collective bargaining agreements, the amount of vacation time to which an employee is entitled in a given year is based on his or her length of continuous service and, based on USERRA, the length of continuous service must include any periods of time in which an employee is on active military duty.

Here, we conclude that plaintiff failed to establish as a matter of law that vacation and compensatory time is awarded annually based solely on seniority, as opposed to being earned based on the amount of time actually worked in a given year.  "On [plaintiff]'s theory of the case, [defendants] would be required to provide full vacation benefits to a returning service[person] if he [or she] worked no more than one week in each year; indeed, following this approach to its logical limits, a veteran who served in the Armed Forces for four years would be entitled to accumulated vacation benefits for all four years upon his [or her] return.  This result is so sharply inconsistent with the common conception of a vacation as a reward for and respite from a lengthy period of labor that the statute should be applied only where it clearly appears that vacations were intended to accrue automatically as a function of continued association with [defendants]" (*Foster v Dravo Corp.*, 420 US 92, 100-101).  It cannot be concluded as a matter of law on this record, in the context of plaintiff's cross motion for partial summary judgment, that vacation and compensatory time accrue automatically based solely on plaintiff's continued association with defendants.

We reject defendants' contention that the court erred in denying that part of their motion for summary judgment dismissing the first cause of action, alleging discrimination based on plaintiff's military status.  There are issues of fact whether plaintiff's reservist status was a motivating factor in any adverse employment actions or decisions made by defendants (*see Mock v City of Rome*, 851 F Supp 2d 428, 432-433; *see also Wang v New York State Dept. of Health*, 40 Misc 3d 747, 757).  We agree with defendants, however, that the court erred in denying that part of their motion for summary judgment dismissing the second cause of action, alleging retaliation.  We therefore further modify the order accordingly.  "An adverse employment action must be materially adverse, not merely an inconvenience or a change in job responsibilities" (*Griffin v Potter*, 356 F3d 824, 829).  "Materially adverse actions include termination, demotion accompanied by a decrease in pay, or a material loss of benefits or responsibilities, but do not include 'everything that makes an employee unhappy' " (*Crews v City of Mt. Vernon*, 567 F3d 860, 869).  Defendants met their initial burden with respect to the retaliation cause of action and, in opposition, plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  June 20, 2014                      Frances E. Cafarell
                                             Clerk of the Court