# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**964**

**CA 15-00373**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ALLEGANY MOUNTAIN RESORT, LLC,
PETITIONER-RESPONDENT,

                          V                          MEMORANDUM AND ORDER

TOWN OF EAST OTTO, RESPONDENT-APPELLANT.

---

BRADY & SWENSON, P.C., SALAMANCA (ERIN M. BRADY SWENSON OF COUNSEL),
FOR RESPONDENT-APPELLANT.

NIXON PEABODY LLP, BUFFALO (LAURIE STYKA BLOOM OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

     Appeal from an order of the Supreme Court, Cattaraugus County
(Michael L. Nenno, A.J.), entered May 27, 2014 in proceedings pursuant
to RPTL article 7.  The order granted the motion of petitioner for
partial summary judgment.

     It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying that part of petitioner's
motion with respect to the 57 trailers that are over 400 square feet
and as modified the order is affirmed without costs.

     Memorandum:  Petitioner commenced these RPTL article 7
proceedings to challenge the tax assessments for property located in
respondent, Town of East Otto (Town), for the tax years 2011 and 2012.
Petitioner owns and operates a campground resort facility on the
subject property.  The Town appeals from an order that, inter alia,
granted petitioner's motion for summary judgment and determined that
386 trailers located on the property were recreational vehicles
pursuant to RPTL 102 (12) (g) (3) and therefore were not taxable as
real property.

     We agree with the Town that Supreme Court erred in granting
petitioner's motion in its entirety, and instead should have denied
the motion with respect to 57 of the trailers.  We therefore modify
the order accordingly.  Pursuant to RPTL 102 (12) (g) (3), "[t]he
value of any trailer or mobile home shall be included in the
assessment of the land on which it is located," with the exception of
" 'recreational vehicles' that are four hundred square feet or less in
size, self propelled or towable by an automobile or light duty truck
and used as temporary living quarters for recreational, camping,
travel or seasonal use."  We conclude that petitioner failed to meet
its burden on the motion with respect to 57 of the trailers inasmuch

as it failed to establish that those trailers were 400 square feet or less in size (*see id.; see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Contrary to petitioner's contention, it did not establish that the trailers were 400 square feet or less by submitting measurements based upon the size of the chassis of each trailer. Trailers are vehicles (*see* Vehicle and Traffic Law §§ 156, 159), the dimensions of vehicles are measured "inclusive of load and bumpers" (§ 385 [3] [a]; *see* § 385 [1] [a] [i]; *see generally* 24 CFR 3282.8 [g] [2]), and the Town submitted evidence that 57 of the trailers had a size of over 400 square feet when measured from bumper to bumper.  We therefore conclude as a matter of law that those 57 trailers are not entitled to the exemption set forth in RPTL 102 (12) (g) (3).

With respect to the remaining trailers, we reject the Town's contention that there is a triable issue of fact whether they were taxable as real property.  We conclude that petitioner met its burden of establishing that the trailers were tax-exempt recreational vehicles by submitting evidence that all of the trailers had a size of 400 square feet or less, were towable by automobiles or light duty trucks, and were used as temporary living quarters for seasonal use (*see* RPTL 102 [12] [g] [3]), and the Town failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562)*.*

Entered:  October 9, 2015                     Frances E. Cafarell
                                              Clerk of the Court