# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**424**
**CA 15-01553**
PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

DIANE M. GLADSTONE AND FRANCIS GLADSTONE,
PLAINTIFFS-APPELLANTS,

V                                                        MEMORANDUM AND ORDER

THOMAS FALLON, DEFENDANT-RESPONDENT.

---

ERNEST D. SANTORO, ESQ., P.C., ROCHESTER (ERNEST D. SANTORO OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN J. KROGMAN DAUM OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered December 4, 2014. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from an order granting defendant's motion for summary judgment dismissing the complaint, which seeks to recover damages for personal injuries allegedly sustained by Diane M. Gladstone (plaintiff) as a result of defendant's allegedly negligently shaking her hand. We conclude that Supreme Court properly granted the motion. Defendant met his burden on the motion by demonstrating that it was not foreseeable that plaintiff might be injured as a result of the handshake (*see generally Di Ponzio v Riordan*, 89 NY2d 578, 583-586), and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). "Foreseeability of risk is an essential element of a fault-based negligence cause of action because the community deems a person at fault only when the injury-producing occurrence is one that could have been anticipated" (*Di Ponzio*, 89 NY2d at 583). "It is [required only] that the care be commensurate with the risk and danger" (*Nussbaum v Lacopo*, 27 NY2d 311, 319). Here, "plaintiff failed to show that the act of this [defendant] as to [her] had possibilities of danger so many and apparent as to entitle [her] to be protected against the doing of it . . . Against this kind of unlikely misfortune, the law does not confer protection" (*id.*). We thus conclude that defendant cannot be held liable for his alleged negligence in shaking

hands with plaintiff (*see generally Johnson v Vetter*, 1991 WL 348415, *1-3 [Ct of Common Pleas of Pa 1991]).

Entered:  May 6, 2016                    Frances E. Cafarell
                                         Clerk of the Court