Welcome v Port Auth. of N.Y. & N.J. (2024 NY Slip Op 05576)

Welcome v Port Auth. of N.Y. & N.J.

2024 NY Slip Op 05576

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2020-06640
 (Index No. 1777/11)

[*1]Mark M. Welcome, plaintiff, 
v
Port Authority of New York & New Jersey, et al., defendants, Schindler Elevator Corporation, defendant third-party plaintiff/third third-party plaintiff-respondent; Hudson News Company, etc., et al., third-party defendants-appellants; Aramark Aviation Services Limited Partnership, etc., third third-party defendant- appellant (and another third-party action).

The Law Offices of Christopher P. Di Giulio, P.C., New York, NY (William Thymius of counsel), for third-party defendants-appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless and Joseph P. Wodarski of counsel), for third third-party defendant-appellant.
Grey & Grey, LLP, Farmingdale, NY (Evelyn F. Gross of counsel), for plaintiff.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendants appeal, and the third third-party defendant separately appeals, from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated June 26, 2020. The order, insofar as appealed from by the third-party defendants, denied their motion for summary judgment dismissing the third-party complaint. The order, insofar as appealed from by the third third-party defendant, denied its motion for summary judgment dismissing the third third-party complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The underlying facts of this action are summarized in our decision and order in a related appeal (see Vinuet v Port Auth. of N.Y. & N.J., ___ AD3d ___ [decided herewith]). The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in an elevator accident that occurred at John F. Kennedy International Airport. The defendant Schindler Elevator Corporation (hereinafter Schindler) commenced a third-party action against Hudson News Company, Hudson County News Company, and Hudson Group (HG) Retail, LLC (hereinafter collectively the Hudson entities), seeking common-law indemnification and contribution. Schindler also commenced a third third-party action against Aramark Aviation Services Limited Partnership (hereinafter Aramark), which provided janitorial services for the subject terminal during the relevant time period, seeking common-law indemnification and contribution. In general, Schindler alleged that the Hudson entities and Aramark were responsible for the happening of the accident as a result of their employees' repeated improper use of the elevator, which included, inter alia, blocking the [*2]elevator door with various objects to keep it from closing while their employees loaded the elevator with various items, and the improper attempts by their employees to repair the elevator door when it fell off its track due, in part, to the aforementioned repeated improper use of the elevator by their employees. The Hudson entities moved for summary judgment dismissing the third-party complaint, and Aramark moved for summary judgment dismissing the third third-party complaint. The plaintiff and Schindler opposed the motions. In an order dated June 26, 2020, the Supreme Court, among other things, denied the motions. The Hudson entities and Aramark separately appeal.
Contrary to the contentions of the Hudson entities and Aramark, the Supreme Court properly denied their respective motions for summary judgment dismissing the third-party complaint and the third third-party complaint. In opposition to their respective prima facie showings of their entitlement to judgment as matter of law, the plaintiff submitted testimonial evidence and the opinion of an elevator safety expert, which raised triable issues of fact as to whether the actions of the Hudson entities' employees and Aramark's employees were a substantial factor in causing the elevator malfunction that led to the elevator accident (see Zuckerman v City of New York, 49 NY2d 557; Poliziani v Culinary Inst. of Am., 167 AD3d 790, 791).
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court