Viruet v Port Auth. of N.Y. & N.J. (2024 NY Slip Op 05575)

Viruet v Port Auth. of N.Y. & N.J.

2024 NY Slip Op 05575

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2020-06627
 (Index No. 1776/11)

[*1]Steven Viruet, plaintiff, 
v
Port Authority of New York & New Jersey, et al., defendants, Schindler Elevator Corporation, defendant third-party plaintiff-respondent; Hudson News Company, etc., et al., third-party defendants-appellants (and other third-party actions).

The Law Offices of Christopher P. Di Giulio, P.C., New York, NY (William Thymius of counsel), for third-party defendants-appellants.
Grey & Grey, LLP, Farmingdale, NY (Evelyn F. Gross of counsel), for plaintiff.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendants appeal from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated June 26, 2020. The order denied the third-party defendants' motion for summary judgment dismissing the third-party complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in an elevator accident that occurred on February 10, 2010, at John F. Kennedy International Airport (hereinafter the airport), Terminal 2, while he was working at the airport against the defendant Port Authority of New York & New Jersey, the owner of the airport, the defendant Delta Air Lines, Inc., the operator of the subject terminal, and the defendant Schindler Elevator Corporation (hereinafter Schindler), the contractor responsible for maintaining and repairing the subject elevator. Mark M. Welcome, a cowoker of the plaintiff who was in the elevator during the accident, commenced a separate action against the same defendants to recover damages for personal injuries he allegedly sustained as a result of the accident (see Welcome v Port Auth. of N.Y. & N.J., ___ AD3d ___ [decided herewith]). In both actions, Schindler commenced a third-party action against Hudson News Company, Hudson County News Company, and Hudson Group (HG) Retail, LLC (hereinafter collectively the Hudson entities), which subleased space in the terminal from which they operated newsstands and gift shops during the relevant time period, seeking common-law indemnification and contribution. In general, Schindler alleged that the Hudson entities were responsible for the happening of the accident as a result of their employees' improper use of the elevator, which included, inter alia, blocking the elevator door with various objects to keep it from closing while their employees loaded the elevator with various items, and the improper attempts by their employees to repair the elevator door when it fell off its track due, in part, to the aforementioned repeated improper use of the elevator by their employees. The Hudson entities moved in this action for summary judgment dismissing the third-party complaint. Both Viruet and Schindler opposed the motion. In an order dated June 26, 2020, the Supreme Court denied the [*2]motion. The Hudson entities appeal.
In opposition to the Hudson entities' showing of their prima facie entitlement to judgment as a matter of law dismissing the third-party causes of action for common-law indemnification and contribution (see G.F. v Epstein, 226 AD3d 870, 871; Duncan v 112 Atl. Realty, LLC, 163 AD3d 769, 770), the plaintiff submitted testimonial evidence and the opinion of an elevator safety expert, which raised triable issues of fact as to whether the actions of the Hudson entities' employees were a substantial factor in causing the elevator malfunction that led to the elevator accident (see Zuckerman v City of New York, 49 NY2d 557; Poliziani v Culinary Inst. of Am., 167 AD3d 790, 791). While some of the deposition testimony considered by the Supreme Court in opposition to the motion was hearsay, it was properly considered, as it was not the only evidence upon which opposition to the motion was predicated (see I.A. v Mejia, 174 AD3d 770, 771-772). Accordingly, the court properly denied the Hudson entities' motion for summary judgment dismissing the third-party complaint.
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court